HART REFINERIES *v.* HARMON, TREASURER OF THE STATE OF MONTANA.

No. 210. Submitted January 15, 1929.—Decided February 18, 1929.

*Mr. John E. Paterson* submitted for appellant.

*Messrs. L. A. Foot,* Attorney General of Montana, and *A. H. Angstman,* Assistant Attorney General, for appellee.

Mr. Justice Sutherland delivered the opinion of the Court.

A Montana statute (§§ 2382 and 2383 Revised Codes 1921, as amended by c. 186, Laws 1925) levies an excise tax upon distributors and dealers engaged within the state in the business of refining, manufacturing, producing, or compounding gasoline or distillate and selling the same in the state, and also upon those engaged within the state in the business of shipping, transporting, or importing any gasoline or distillate into the state and selling the same in the state after it has been brought to rest therein. The basis of the tax is the *sale* of gasoline or distillate, and the statute, in that respect, makes no discrimination, except that it properly excludes from the operation of the tax the imported commodity while it continues subject to the commerce clause of the Constitution. *Raley & Bros.* v. *Richardson,* 264 U. S. 157, 159. Thus far the validity of the statute is conceded.

But the contention is that the statute discriminates against the Montana refiner because it is not extended

to include gasoline or distillate shipped from other states and consumed or used after it has come to rest in Montana and its status in interstate commerce has ended. Upon this ground the statute is challenged as constituting a denial of the equal protection of the laws, in contravention of the Fourteenth Amendment to the federal Constitution. The Supreme Court of Montana upheld the statute as valid, 81 Mont. 423, following its earlier decision in *State* v. *Silver Bow Refining Co.*, 78 Mont. 1, 19, where it was held that, while a tax upon the sale of imported oil after it had come to rest in the state or upon such oil as property would be valid, any attempt to lay a tax upon products shipped into the state for consumption only would be a burden upon interstate commerce.

This holding, as it was applied to the contention in the present case, seems to have been the result of a too literal reading of *Sonneborn Bros.* v. *Cureton*, 262 U. S. 506, which was cited as authority. In that case, this Court, upon a full review of the earlier cases, held that when a commodity shipped from another state had come to rest as a part of the stock in trade of the dealer, the interstate transportation was at an end, and, whether in the original packages or not, a state tax upon the commodity, either as property or upon its sale in the state, if laid on the commodity generally without regard to its origin, would not constitute a burden upon or be a regulation of interstate commerce of which the commodity had been the subject. But there is nothing in the opinion to suggest that the taxing power of the state is limited to the two kinds of taxes mentioned. Interstate transportation having ended, the taxing power of the state in respect of the commodity which was the subject of such transportation, may, so far as the commerce clause of the federal Constitution is concerned, be exerted in any way which the state's constitution and laws permit, provided, of

course, it does not discriminate against the commodity because of its origin in another state. That under such circumstances a tax may be imposed upon the use as well as upon the sale of the commodity in domestic trade, without coming into conflict with the commerce clause, was specifically determined in *Bowman* v. *Continental Oil Co.*, 256 U. S. 642, 648.

But because the state legislature could have laid a tax upon the use of the commodity as well as upon its sale, it by no means follows that a failure to do so constituted a discrimination forbidden by the equal protection clause of the Fourteenth Amendment. That clause does not prohibit classification; and the power of the state to classify for purposes of taxation is of wide range and flexibility, provided that the classification rest upon a substantial difference so that all persons similarly circumstanced will be treated alike. Statutes which tax one class of property while exempting another class necessarily result in imposing a greater burden upon the property taxed than would be the case if the omitted property were included. But such statutes do not create an inequality in the constitutional sense. Nor is the imposition of an excise tax upon one occupation or one activity from which other and different occupations or activities are exempt, a denial of equal protection. It is enough if all in the same class are included and treated alike. These propositions are so firmly established by repeated decisions of this Court that further discussion is unnecessary. *Bell's Gap R. R. Co.* v. *Pennsylvania*, 134 U. S. 232, 237; *Home Ins. Co.* v. *New York*, 134 U. S. 594, 606; *Keeney* v. *New York*, 222 U. S. 525, 536; *Citizens' Telephone Co.* v. *Fuller*, 229 U. S. 322, 329–331; *Merchants' Bank* y. *Pennsylvania*, 167 U. S. 461, 463; *American Sugar Refining Co.* v. *Louisiana*, 179 U. S. 89, 92; *Pacific Express Company* v. *Seibert*, 142 U. S. 339, 350; *Southwestern Oil Co.* v. *Texas,*

217 U. S. 114, 121; *Brown-Forman Co. v. Kentucky*, 217 U. S. 563, 572; *Oliver Iron Co. v. Lord*, 262 U. S. 172, 179.

The difference between an excise tax based on sales and one based on use of property is obvious and substantial. If the state sees fit to tax one and not the other, there is nothing in the federal Constitution to prevent; and it is not for this Court to question the wisdom or expediency of the action taken or to overturn the tax upon the ground that to include both would have resulted in a more equitable distribution of the burdens of taxation.

*Judgment affirmed.*