## TRINITYFARM CONST. CO. v. GROSJEAN, Sup'r of Public Accounts, et al.
### No. 271.

District Court, E. D. Louisiana.
June 12, 1933.

---

[1] Orally.

Breazeale & Sachse, of Baton Rouge, La., and D. K. Woodward, Jr., of Austin, Tex., for plaintiff.

Gaston L. Porterie, Atty. Gen., and Peyton R. Sandoz and Justin C. Daspit, Sp. Asst. Attys. Gen., for defendants.

Before FOSTER, Circuit Judge, and BORAH and COX, District Judges.

BORAH, District Judge.

This suit was brought against defendants, state tax officials, to enjoin the collection of a state excise tax levied upon the use of gasoline by plaintiff within the state. On motion of the attorneys for the plaintiff, Trinityfarm Construction Company, a District Court of three judges was organized and convened to hear its application for an interlocutory injunction, a preliminary restraining order having been granted without notice because of the danger of irreparable injury resulting by a delay until notice could be given and a hearing had on said application for an interlocutory injunction. After a full hearing, at which evidence was introduced in the form of affidavits, and argument had by counsel, the court issued an interlocutory injunction in accordance with the prayer of the bill. The case is now before the court for final hearing on the merits.

### Findings of Fact.

The verified pleadings, agreed statement of facts, and undisputed affidavits filed herein show that the plaintiff is a private corporation organized under the laws of Delaware and is presently engaged in the construction of levees within the state of Louisiana under contracts with the United States of America. For this purpose the plaintiff has imported certain gasoline in tank-car lots from other states which it places in a central storage tank from which it is distributed to storage tanks located on its rights of way in proximity to the machines in which it is used. Plaintiff also proposes to import additional gasoline to be handled in like manner. It further appears that none of said gasoline has been, is now, or will be, used on or over the public highways and bridges of the state of Louisiana, but all of it is being used exclusively on the work which plaintiff has contracted to perform under the contracts and upon rights of way furnished by the state of Louisiana or the Tensas Levee District of the United States for the construction of levees.

The statutes of Louisiana complained of (Act No. 6 of 1928 [Ex. Sess.] as amended by Act No. 8 of 1930 and Act No. 16 of 1932 and Act No. 1 of the Extra Session of 1930, the latter being in fact an amendment to the Constitution of Louisiana) levy a cumulative tax of 5 cents per gallon upon all gasoline or motor fuel "sold, used or consumed in the State of Louisiana for domestic consumption" and require that the aforesaid tax shall be collectable from "all persons, firms or corporations or associations of persons, engaged as dealers in the handling, sale or distribution of such products within the State of Louisiana." The term "dealer" is defined to mean "any person, firm, corporation or association of persons who produces, refines, manufactures, blends or compounds gasoline * * * for sale to the jobber or consumer, or to the persons * * * who, in turn, sell to the jobber or consumer. The term 'dealer' is further defined to mean the person, firm, corporation or association of persons who imports such gasoline * * * from any other State or foreign country for distribution, sale or use in the State of Louisiana." In addition the statutes provide that "on all gasoline * * * imported from other States and used by him, the 'dealer' as thus defined shall pay the tax on the amount so imported and used, the same as if it had been sold for domestic consumption."

The plaintiff contends that it is not a dealer in gasoline and that the gasoline used by it is an instrumentality of interstate commerce and cannot be taxed by the state for so to do would be to lay a burden upon such commerce which is prohibited by the commerce clause of the federal Constitution. Exemption is also claimed for the further reasons: (1) That the tax is imposed upon an agency or instrumentality of the United States; (2) that the statutes are violative of the due process and equal protection clauses of the federal and state Constitutions.

### Conclusions of Law.

From the findings of fact the court has reached the legal conclusion that plaintiff is chargeable with the taxes levied under the constitutional provision and statute above referred to on gasoline imported into Louisiana for exclusive use by it within the state of Louisiana.

■ The tax which plaintiff is called upon to pay is an excise and not a property tax, the tax being laid not upon the gasoline but upon the right or privilege of selling, using, or consuming it.

■ A state may tax the "use" to which gasoline is put in withdrawing it from storage within the state, and it is at the time of withdrawal alone that "use" is measured for the purpose of the tax as the stored gasoline is deemed to be "used" within the state and therefore subject to the tax when it is withdrawn from the tanks. Edelman et al. v. Boeing Air Transport, Inc., 53 S. Ct. 591, 77 L. Ed. —— (decided by U. S. Supreme Court April 17, 1933.)

■ The plaintiff company is not such a governmental instrumentality as exempts it and its property from liability for taxes under the revenue laws of the state. If it may be said to be an instrumentality of the government, its relations to the government are nevertheless purely contractual. It does not exercise governmental functions. It undertakes to construct according to plans and specifications adopted by officials of the government. It is organized for that and similar purposes, and its primary object is to comply with the conditions of the contract for the profit to be made in so complying.

■ While plaintiff does not state wherein its rights under the due process clauses referred to are impinged, we assume it is because it is required by the statutes in controversy to pay an excise tax as "dealer" based on the number of gallons of gasoline handled, distributed, and consumed by it in Louisiana as the privilege of engaging as such "dealer" in the handling, distribution and use of that commodity in the state, and that the methods provided by said statutes for the enforcement and collection of the excises imposed by them are so summary and exacting as not to constitute "due process of law"; however, there is no substance in the objection as the precise point has been considered and disposed of by the United States Supreme Court in two adjudicated cases. See Bowman v. Continental Oil Co., 256 U. S. 642, 41 S. Ct. 606, 65 L. Ed. 1139; Hart Refineries v. Harmon, 278 U. S. 499, 49 S. Ct. 188, 73 L. Ed. 475.

The order heretofore entered granting an interlocutory injunction is recalled, and the decree for injunction denied, and the bill of complaint dismissed. Appropriate orders may accordingly be entered.