PEARL E. HAMMETT ET AL. v. KANSAS CITY ET AL., Appellants.—No. 38363.—173 S. W. (2d) 70.

Division One, May 4, 1943.

Rehearing Denied, June 1, 1943.

Motion to Transfer to Banc Overruled, July 6, 1943.

*William E. Kemp,* City Counselor, and *Arthur R. Wolfe,* Assistant City Counselor, for appellants.

*Clarence C. Chilcott* for respondents; *Evan H. Hammett, Harrison Johnston, C. W. Prince, T. W. Imes* and *Harry A. Hall* of counsel.

BRADLEY, C.—The named plaintiffs and others, for themselves and all others similarly situated, brought this cause against Kansas City, the mayor and other city officers, for a declaratory judgment upon the constitutional validity of ordinance No. 6977, and to enjoin enforcement. Defendants filed a general demurrer to the petition, were overruled, stood 'on the demurrer, and refused to plead further. The court adjudged the ordinance void, enjoined enforcement, and defendants appealed.

Section 2 of the ordinance follows: "That no license or permit provided for or required under any ordinance of Kansas [72] City shall hereafter be issued by any department thereof to any person, firm, association or corporation, until the 1941 city personal tax and merchants tax of the applicant for such license or permit shall have first been paid, and as to future years, no license or permit shall be issued to such applicant until city personal tax and merchants tax for the future years, next preceding the year for which such license is issued, shall first have been paid." Sec. 4 of the ordinance excepts therefrom drivers' licenses, bicycle licenses, and dog licenses.

It is alleged that the ordinance is void: (1) Because in conflict with that part of the 14th Amendment, federal Constitution, providing that no state shall "deny to any person within its jurisdiction the equal protection of the laws"; (2) because in conflict with that part of Sec. 4, Art. 2, state Constitution, providing "that all persons have a natural right to . . . the enjoyment of the gains of their own industry"; (3) because in conflict with that part of Sec. 3, Art. 10, state Constitution, providing that taxes "shall be uniform upon the same class of subjects within the territorial limits of the authority levying the tax, and all taxes shall be levied and collected by general laws"; (4) because in conflict with Secs. 7442, 7443, R. S. 1939, Mo. R. S. A., Secs. 7442, 7443, requiring, respectively, city ordinances to conform to the state law, and dealing with the manner of collecting personal taxes in cities under special charter, and in this connection, it is contended that the ordinance conflicts with Sec. 383, Art. 12 of the charter; (5) because in conflict with Sec. 8395, R. S. 1939, Mo. R. S. A., Sec. 8395, which deals with the regulation of motor vehicles by municipalities.

The petition alleges that plaintiffs are residents of Kansas City, and own motor vehicles which they operate upon the streets of the city; that they have not paid their city personal property taxes for 1941. The petition sets out the charter provisions authorizing the city to levy motor vehicle license taxes and pleads the ordinances fixing the amount of these license taxes. A city ordinance pleaded makes it a misdemeanor for residents to operate a motor vehicle in the city

without a license. The petition alleges that plaintiffs and others likewise situated, will be unlawfully arrested and prosecuted in the municipal court, and fined and imprisoned for not having motor vehicle licenses "unless the court, by its orders, judgment and decree, declares said ordinance No. 6977 invalid, null and void."

Is the ordinance void because in conflict with that part of the 14th Amendment of the federal Constitution providing that no state "shall deny to any person within its jurisdiction the equal protection of the laws"? In the brief plaintiffs say that "the ordinance violates the 14th Amendment to the Constitution of the United States as it denies certain tax payer licensees the equal protection of the law and makes their duties more onerous and burdensome than tax payers who are not such licensees."

The case of Hill et al. v. St. Louis et al., 159 Mo. 159, 60 S. W. 116, challenged the validity of an ordinance prohibiting 'the issue of a permit to connect with a district sewer until the tax bill, against the property, for the improvement was paid. In ruling the question the court said [159 Mo. l. c. 171-2] : "There is not only nothing unreasonable about section 1630, which requires that one who desires to use a district sewer shall pay the proportion of the cost of the sewer which has been assessed against his property, but on the contrary it is but complete justice and fairness to the city, that has provided the public improvement, the contractor whose labor and money constructed the sewer, and the other property owners who have paid or are to pay their proportion of the costs of such work. Any such regulation, where no remedy previously existed for the enforcement of such obligation, or in addition to and supplementary of some other remedy afforded by some other provision of law, finds support and countenance in fundamental principles of law, equity and morality." See also State ex rel. Bair v. Producers Gravel Co. et al., 341 Mo. 1106, 111 S. W. (2d) 521, l. c. 524.

The equal protection clause of the 14th Amendment does not prohibit classification, and it is enough if all in the same class are included and treated alike. Hart Refineries v. Harmon, 278 U. S. 499, 49 S. Ct. 188, 73 L. Ed. 475; Franklin v. Carter, 51 Fed. (2d) 345, certiorari denied 284 U. S. 664, 52 S. Ct. 40, 76 L. Ed. 562; Nashville, C. & St. L. Ry. Co. v. Browning, 310 U. S. 362, 60 S. Ct. 968, 84 L. Ed. 1254. We do not think that ordinance No. 6977 conflicts with the equal protection clause of the 14th Amendment.

Does the ordinance conflict with that part of Sec. 4, Art. 2, state Constitution, providing "that all persons have a natural right to . . . the enjoyment of the gains of their own industry?" Sec. 4 of Art. 2 is a part of our Bill of Rights. Plaintiffs cite no case and we find none that even *squints* at the notion that ordinance No. 6977 contravenes in any way Sec. 4 of our Bill of Rights. Such claim is without merit.

Does the ordinance run counter to that part of Sec. 3, Art. 10, state Constitution, providing that taxes "shall be uniform upon the same class of subjects within the territorial limits of the authority levying the tax, and all taxes shall be levied and collected by general laws?"

An ordinance, enforcible by fine, requiring owners and occupants of real property to remove snow from sidewalks, is not in conflict with the uniform provision of Sec. 3, Art. 10, Kansas City v. Holmes, 274 Mo. 159, 202 S. W. 392, L. R. A. 1918D, 1016.

Wheir et al. v. Dye et al., 105 Mont. 347, 73 Pac. (2d) 209, challenged the constitutional validity of a statute making the payment of taxes on automobiles a prerequisite to their registration. The statute was held valid; the review of authorities was extensive. We quote [73 Pac. (2d) 209]:

"It is contended that discrimination arises from the fact that a different method is used for enforcing payment of taxes on motor vehicles from that used in cases of other classes of personal property, in that the motor vehicle may not be used on the highways until the tax is paid and license cannot be secured for such operation until the tax is paid, and if the vehicle is operated without a license the operator has committed a misdemeanor. It is generally held that the collection of taxes in an unusual way on account of the kind of property does not violate the uniformity provision of the Constitution. *It is the levy or assessment of the tax which must be uniform and not its means of enforcement.* Tappan v. Merchants' National Bank, 19 Wall. 490, 505, 22 L. Ed. 189; Rode v. Siebe, 119 Cal. 518, 51 Pac. 869, 39 L. R. A. 342; In re Proceedings to Enforce Payment of Delinquent Taxes, 197 Minn. 266, 266 N. W. 867, 869; Mississippi Tax Commission v. Flora Drug Co., 167 Miss. 1, 148 So. 373. In the case of Tappan v. Merchants' National Bank, supra, the Supreme Court of the United States said: 'Again, it is said the law in question destroys the uniformity of taxation, because it provides for the collection of the taxes assessed on account of this kind of property in an unusual way. *The Constitution does not require uniformity in the manner of collection. Uniformity in the assessment is all it demands.* When assessed, the tax may be collected in the manner the law shall provide; and this may be varied to suit the necessities of each case.' And in the Minnesota case, supra [In re Proceedings to Enforce Payment of Delinquent Taxes, 197 Minn. 266, 266 N. W. 867], it is said: 'As long as the rate of assessment is the same on properties similarly situated and used for like purposes, and the obligation to pay the tax remains, there can be no objection to the remedies devised to enforce the tax on the ground that such remedies violate the uniformity clause of our Constitution. *Primarily, that clause is aimed at the equal assessment and levying of the tax*" (italics ours):

In Florida Central & P. R. Co. v. Reynolds, 183 U. S. 471, 22 S. Ct. 176, 46 L. Ed. 283, the court said [183 U. S. l. c. 480]: "If taxes are to be regarded as mere debts, then the effort of the State to collect from one debtor is not prejudiced by its failure to make like effort to collect from another. And if regarded in the truer light as a contribution to the support of government, then it does not lie in the mouth of one called upon to make his contribution to complain that some other person has not been coerced into a like contribution."

In Grossfield et al. v. Baughman, 148 Md. 330, 129 Atl. 370, the validity of the following act was involved: "The commissioner of motor vehicles is hereby authorized and directed to refuse to issue or transfer any plate or marker, certificate of registration or title for any motor vehicle unless he is satisfied that all taxes due and in arrears thereon have been paid. This section shall only apply to applications made for motor vehicles owned in the. City of Baltimore, and provided that this section shall apply only in the case of taxes becoming due and in arrears in the year 1924 and thereafter. Nothing in this Act shall apply to commercial trucks."

It was contended that the act was unconstitutional "(1) because it deprives the citizen of his property without due process of law; (2) because it denies to the citizen of Maryland the equal protection of the law; (3) because it violates the constitutional right to the citizen of uniform taxation; [74] (4) because it 'infringes fundamental principles of right and justice'; and finally, (5) because it is a special law covering a matter for which provision has been made by an existing general law."

It was held that the act was valid; that it did not deny due process, nor violate the rule of uniformity as to taxation, nor unlawfully discriminate. In the course of the opinion the court said that there was no question of the validity of the assessment and the levy of the unpaid tax, nor of its being due and delinquent. And we might say that the identical situation exists in the present case. Plaintiffs do not question the validity of the assessment and levy of their city personal taxes, and they admit that these taxes are due and delinquent.

See also, Macon & Augusta R. Co. v. Little, 45 Ga. 370; State ex rel. Taylor v. Mirabal, 33 N. M. 553, 273 Pac. 928, 62 A. L. R. 296; Milliken v. O'Meara et al., 74 Colo. 475, 222 Pac. 1116; In re Kalana, 22 Hawaii, 96, Ann. Cas. 1916D, p. 1094.

It seems quite clear that the uniformity clause of Sec. 3, Art. 10 of the Missouri Constitution is not violated by ordinance No. 6977.

■ Is the ordinance in conflict with Secs. 7442, 7443, R. S. 1939, Mo. R. S. A., Secs. 7442, 7443, and in conflict with Sec. 383, Art. 12 of the city charter? Sec. 7442 is as follows:

"Any municipal corporation in this state, whether under general or special charter, and having authority to pass ordinances regulating subjects, matters and things upon which there is a general law of the

state, unless otherwise prescribed or authorized by some special provision of its charter, shall confine and restrict its jurisdiction and the passage of its ordinances to and in conformity with the state law upon the same subject."

Sec. 7443 deals with the subject of personal taxes in cities under special charter, as in Kansas City. This section provides that in cities under special charter, personal taxes shall constitute a debt in favor of the city for which a personal judgment may be recovered against the owner of the property; that actions for such recovery shall be in the name of the city at the relation and to the use of the city collector. The section goes on to provide the procedure to be followed in such suits.

Sec. 371, Art. 12, city charter, gives to the city council "power to provide by ordinance" for the assessment, equalization, levy and collection of city taxes.

Sec. 383, Art. 12, city charter, follows: "In addition to any and all remedies by sale or otherwise, provided in this charter, the city shall have the power to enforce the collection of delinquent taxes with all interests, costs and penalties thereon, by suit brought in the name of Kansas City in any court of competent jurisdiction. In suits for the collection of taxes on personal property of railroads and other public service corporations, it shall be sufficient to state the amount of tax, interest, costs and penalty claimed, the year or years for which it was levied, the owner or person liable, and that the tax has not been paid, and in such suits a personal judgment may be rendered against the person or corporation whose property has been taxed."

Plaintiffs contend that the procedure for the collection of city personal taxes prescribed by the statute and the charter provisions, supra, is *exclusive*, and that ordinance No. 6977 sets up a different procedure for such tax collection and therefore the conflict. If it be conceded that the ordinance amounts to a different procedure for the collection of city personal taxes than that provided in Sec. 7243, R. S. 1939, and Sec. 383, Art. 12, city charter, such would seem to be specifically authorized by Sec. 7444, R. S. 1939, Mo. R. S. A., Sec. 7444, which provides that "the remedy for the collection of personal taxes hereby provided (in Sec. 7443) shall be cumulative and shall not in any manner impair other methods or provisions now existing or which may be hereafter provided for the collection of the same." Also, it will be observed that Sec. 371, Art. 12, city charter, definitely gives the city council power to provide by ordinance for the collection of city taxes, and does not limit the manner for enforcement of collection to suit only. If it did so limit, such would not prevail over Sec. 7444 of the statute. See Sec. 16, Art. 9, Constitution. We find no conflict between ordinance No. 6977 and the statute and city charter, as claimed by plaintiffs.

Does ordinance No. 6977 conflict with Sec. 8395, R. S. 1939, Mo. R. S. A., Sec. 8395? This section deals with the subject of regulation of motor vehicles by municipalities. Subdivision (a) of this section authorizes municipalities to establish by ordinance reasonable speed regulations. · Subdivision (b) gives power to make additional [75] rules of the road; establish one way streets and regulate vehicles thereon; require stopping at designated streets, and other named powers. Subdivision (c), so far as pertinent, is as follows:

"Municipalities may, by ordinance, levy and collect license taxes from the owners of and dealers in motor vehicles and trailers, residing in such municipalities, and require the display of license plates or stickers (except that plates or stickers shall not be required in cities having a population of more than seventy-five thousand) but such license taxes shall not exceed the limitation on registration fees, now or hereafter provided by law, exclusive of any drivers' license fees, including the cost of plate or stickers and notarial fee. No such municipal license tax shall be collected from a resident of such municipalities for motor vehicles used exclusively outside of such municipalities, and that fact may be shown by an affidavit of such motor vehicle owner for the purpose of securing a state registration certificate without producing a receipt for municipal license taxes, as hereinbefore required; *and provided further*, that when the owner of any motor vehicle or trailer, or chauffeur or registered operator shall have complied with the requirements of this article he shall not be required to pay any license tax or fee to any municipality, *or to submit to any other requirement*, except as authorized by this article, in any municipality of this state" (italics ours).

Sec. 8395 is a part of Art. 1, Ch. 45, R. S. 1939. The subjects dealt with in the article are regulation of and license fees of motor vehicles. .Plaintiffs argue that ordinance No. 6977 is not authorized by said article 1, or any other statute, and is in conflict with the proviso of subdivision (c) of Sec. 8395. On the other hand, defendants say that the ordinance does not conflict with the proviso in subdivision (c), as plaintiffs claim, but if such is the case then defendants say that in so far as the proviso "impairs the right of municipalities to impose conditions on the issuance of licenses as a means of enforcement of payment of delinquent personal taxes", the same is void under Sec. 28, Art. 4, Constitution, which provides that no bill, except as designated, "shall contain more than one subject, which shall be clearly expressed in its title."

Defendants, in the brief, give the history of what is now the proviso in question and say that from its history "it would appear that the legislature was attempting to relieve the owner of any motor vehicle from being subjected to the payment of a license tax or fee in any municipality of this state, except the municipalities of his residence." And, City of West Plains v. Noland (Mo. App.), 112

S. W. (2d) 79, holds that the proviso does so protect a motor vehicle owner. Defendants, in effect, say that such is the sole purpose of the proviso. As we see the situation, it will not be necessary to rule that question, nor the question on the constitutional validity of the proviso, and this because the rule of ejusdem generis is, we think, applicable.

Primarily, the purpose of the doctrine or rule of ejusdem generis is to ascertain the intention of the lawmaker. Keane v. Strodtman, 323 Mo. 161, 18 S. W. (2d) 896, l. c. 898; McClaren v. G. S. Robins & Co., 349 Mo. 653, 162 S. W. (2d) 856; Mangelsdorf et al. v. Penn. Fire Ins. Co., 224 Mo. App. 265, 26 S. W. (2d) 818, l. c. 822; Puritan Pharmaceutical Co. v. Penn. R. R. Co., 230 Mo. App. 848, 77 S. W. (2d) 508, l. c. 511. In the McClaren case, supra, the court defined the ejusdem generis rule thus [162 S. W. (2d) l. c. 858]: ''The ejusdem generis rule is that where a statute contains general words only, such general words are to receive a general construction, but, where it enumerates particular classes or things, followed by general words, the general words so used will be applicable only to things of the same general character as those which are specified.''

Art. 1, Ch. 45, R. S. 1939, is on the subject of the regulation of and license fees on motor vehicles, as stated, supra. The article contains 44 sections and deals with registration, regulation, operation, ownership, sale, use upon the highways, chauffeurs, operators, drivers, accessories, equipment, safety devices, signal device, lights, traffic, license fees, etc. The proviso in question says that when a motor vehicle owner has met all the requirements, prescribed in said article, he shall not be required *to submit to any other requirement*. Does not *any other requirement* have reference to some requirement of the same general character of those named? If, in the annals of jurisprudence in this state, there was ever a perfect case for the application of the rule of ejusdem generis, we think the present case is that case. As appears, supra, the primary purpose [76] of the ejusdem generis rule is to ascertain the intention of the lawmaker, and we do not think that the legislature ever intended that the language ''shall not be required . . . to submit to any other requirement'' should ever become a refuge for owners of motor vehicles, in municipalities, whose municipal personal taxes are delinquent, to escape the consequences of such a just ordinance as No. 6977.

The judgment should be reversed and it is so ordered. *Dalton* and *Van Osdol, CC.,* concur.

PER CURIAM:—The foregoing opinion by Bradley, C., is adopted as the opinion of the court. All the judges concur.