Naomi PETTY, Administratrix of the Estate of Faye R. Petty, Deceased, Plaintiff,

v.

TENNESSEE–MISSOURI BRIDGE COMMISSION, a corporation, Defendant.

No. S 57 C 1.

United States District Court E. D. Missouri, Southeastern Division.

July 12, 1957.

Douglas MacLeod, St. Louis, Mo., for plaintiff.

James M. Reeves, of Ward & Reeves, Caruthersville, Mo., for defendant.

HARPER, District Judge.

This matter is before the court on de-·· fendant's motion to dismiss on the basis that the defendant·is an immediate agency and arm of the sovereign states of Tennessee and Missouri and of the Federal government, and is immune from tort actions.

Similar motions to dismiss are often treated as a motion for summary judgment. Suckow Borax Mines Consolidated v. Borax Consolidated, 9 Cir., 185 F.2d 196.

The facts with respect to the motion are undisputed and so will not be discussed by the court in detail. This is an action by an administratrix to recover for the wrongful death of the deceased under the Jones Act, 46 U.S.C.A.. § 688.

The deceased was a member of the crew of a ferry vessel which was owned and operated by the defendant. The vessel's operation included transporting automobiles across the Mississippi River to and from Tennessee and Missouri. Defendant is organized and existing under the laws of Tennessee and Missouri and under the authority of Congress. The deceased was a deck hand on the ferry vessel. As the ferry vessel was en route across the river a collision occurred with another vessel and defendant was trapped in the pilot house and drowned when the ferry vessel sank.

The law is well settled that the sovereign cannot be sued in its own courts or any other court without its consent and permission. The question of whether a particular suit is one against the sovereign is not to be determined solely by reference to the nominal. parties to the suit, but is dependent on the nature and effect of the suit. Here the suit is one about which the subject matter is an interest of value of a material sense to both states. A judgment against the defendant would operate to affect directly the two sovereigns, and so to determine the matter here we must turn to the question of whether or not consent and permission were given for parties in tort action to sue the defendant. The compact creating the defendant commission in part reads as follows: "To contract, to sue and be sued in its own name; to purchase or otherwise acquire, hold and dispose of real and personal property."

This clearly gives the defendant the power to sue and to be sued, but such does not waive immunity from liability for actions in tort. No consent has been given by the defendant for tort actions. Defendant was given no authority to pay judgments, and if a judgment were rendered against the defendant in this case the two states and the Federal government would be responsible. The operation of the defendant is governmental in nature.

To properly determine the effect of the provision, "to contract, to sue and to be sued in its own name", we must ascertain the intentions of the lawmakers, and in doing so we must refer · to the doctrine of "ejusdem generis". The "ejusdem generis" rule is that, where statute contains general words only, such general words are to receive a general construction, but where it enumerates particular classes of things, followed by general words, the general words so used will be applicable only to · things of the same general character as · those which are specified. Hammett v.·· Kansas City, 351 Mo. 192, 173 S.W.2d 70.·

Following this rule, the words "to sue and to be sued" used in the compact apply only to contracts and did not have the effect of waiving immunity from tort actions.

The motion to dismiss will be sustained and cause dismissed.