**STATE of Missouri, Respondent,**

v.

**David Lee EWING, Appellant.**

**No. 58299.**

Supreme Court of Missouri,
Division No. 2.

Jan. 13, 1975.

Motion for Rehearing or Transfer to Court en Banc Denied Feb. 10, 1975.

John C. Danforth, Atty. Gen., Robert Presson, Asst. Atty. Gen., Jefferson City, for respondent.

Richard Boardman, Legal Aid Society of St. Louis, St. Louis, for appellant.

HOUSER, Commissioner.

David Lee Ewing, found not guilty of murder by reason of mental illness, was

ordered committed to the custody of the Director of the Division of Mental Diseases and kept for care and treatment in a state mental hospital. While confined to State Hospital No. 1 at Fulton under this order Ewing was charged under § 202.435,[1] with unlawfully and feloniously removing himself from the lawful restraint of State Hospital No. 1. Tried on this charge by the court on jury waiver, Ewing was found guilty, sentenced to three years in the department of corrections and placed on probation. This is an appeal from the judgment of conviction under § 202.435.

Appellant claims that § 202.435 denies him the equal protection of the laws by creating an arbitrary and unreasonable distinction between criminal patients committed pursuant to §§ 202.700 to 202.770 and § 552.030, RSMo 1969, V.A.M.S. and civil patients committed pursuant to other state statutes. This involves a construction of the Constitution of the United States, hence this Court's jurisdiction.

 Respondent contends that the constitutional issue is not open to review for the reason that no motion for new trial preserving the point was filed, citing City of Kansas City v. Miller, 463 S.W. 2d 565 (Mo.App.1971), and State v. Knight, 356 Mo. 1233, 206 S.W.2d 330 (1947). Miller is not in point because there the constitutional question was not raised in the trial court. Knight is not in point because although the constitutional question was raised in the trial court it was not preserved for review in the motion for new trial filed in that case. Here the issue was raised in the trial court by motion to dismiss, which was taken up, argued, considered, and overruled, but the point was not preserved in a motion for new trial. No motion for new trial was filed. Under Civil Rule 73.01(d), V.A.M.R., no motion for new trial is necessary for appellate review of a court-tried case. Timmerman v. Ankrom, 487 S.W.2d 567 [2] (Mo.1972). See the discussion of this subject by Somerville, J. in Allright Grand, Inc. v. Kansas City, Missouri et al., 515 S.W.2d 890 (Mo. App.1974) (filed October 7, 1974). Since the rules in civil cases govern the practice and procedure in criminal cases, Rule 28.18, and since the constitutional question was raised below, we will review the question on the merits, notwithstanding defendant failed to file a motion for new trial specifically preserving it.

The facts: On May 7, 1969 appellant was acquitted of a charge of murder on the ground of mental disease or defect excluding responsibility and ordered committed to the care and custody of the Director of the Division of Mental Diseases for keeping for care and treatment in a state mental hospital under § 552.040, RSMo 1969, V.A.M.S. He was committed to State Hospital No. 1 at Fulton. On January 20, 1972 appellant was reported missing from the hospital, and was absent without leave or authority. He was picked up by law officers in Kansas City on January 22, 1972 and returned to the hospital.

There was no suggestion or intimation in the circuit court that appellant lacked the *mens rea* or necessary criminal intent to commit the offense of escape. The trial judge and accused's counsel were fully aware of his acquittal of the murder charge on the ground of mental disease or defect excluding responsibility, his confinement to the state hospital, and that he had not been

---

1. "Any person who unlawfully removes himself from any legal restraint which has been placed upon him under the provisions of sections 202.700 to 202.770 or sections 552.010 to 552.080, RSMo, is guilty of a felony and shall, upon conviction thereof be sentenced to the department of corrections generally for a term of not less than two and not exceeding five years." Sections 202.700–202.-770 relate to criminal sexual psychopaths.

Sections 552.010–552.080 relate to proceedings involving persons accused of crime believed to have a mental disease or defect excluding fitness to proceed, or acquitted of criminal charges on the ground of mental disease or defect excluding responsibility. Sections 552.040(1) and 202.700 refer to persons dangerous to others. (All section citations refer to RSMo 1969, V.A.M.S.)

released from that commitment when charged with escape. In the escape case the circuit judge conducted a thorough inquiry on the question whether accused's waiver of jury trial was voluntary and fully understood, during which the judge had an opportunity to observe appellant. Evidently this exposure did not give the judge "reasonable cause to believe that the accused [had] a mental disease or defect excluding fitness to proceed," within the meaning of § 552.020, subd. 2. Appellant, represented by counsel, did not plead mental disease or defect excluding responsibility or give written notice of such defense, under § 552.030. Appellant has not raised the question of mental defect or disease excluding responsibility on this appeal. Appellant's sole defense in the trial court and his sole point on appeal was and is that § 202.435 violates the equal protection of the laws clause of Amendment XIV, Constitution of the United States, by not applying to all persons similarly situated; specifically, that (1) the classification of the statute is arbitrary and unreasonable; (2) there is no rational relationship between a legitimate state interest and the means chosen to protect that interest, and (3) § 202.435 fails the "strict scrutiny" test of equal protection. On accepted principles appellant's only contention on appeal must be rejected.

■■■■ (1) On the propriety of the classification: There is no question that "[c]lassification of the subjects of legislation is not prohibited by the equal protection of the laws clauses of the United States and State constitutions 'if all within the same class are included and treated alike,' Brawner v. Brawner, Mo.Sup. en banc, 327 S.W.2d 808, 815 [15]; Hammett v. Kansas City, 351 Mo. 192, 173 S.W.2d 70, 72 [1], and cases cited; 'if all persons in the same class are treated with equality,' King v. Swenson, Mo.Sup. en banc, 423 S.W.2d 699, 705 [9]. The general purpose of these constitutional provisions is to prevent invidious discrimination. King v. Swenson, supra. Discrimination is arbitrary and unconstitutional if the classification rests upon a ground wholly irrelevant to the achievement of the state's objective, Gem Stores, Inc. v. O'Brien, Mo.Sup. en banc, 374 S.W.2d 109, 117; or which is not based upon differences reasonably related to the purposes of the legislation. Petitt v. Field, Mo.Sup., 341 S.W.2d 106, 109. The selection must be not merely possibly, but must be clearly and actually, arbitrary and unreasonable. Ballentine v. Nester, 350 Mo. 58, 164 S.W.2d 378. The question is whether the principle of classification adopted rests upon some real difference, bearing a reasonable and just relation to the act with respect to which the classification is proposed. State ex inf. McKittrick ex rel. Ham v. Kirby, 349 Mo. 988, 163 S.W.2d 990." Kansas City v. Webb, 484 S.W.2d 817 (Mo. banc 1972), cert. den., 409 U.S. 851, 93 S.Ct. 62, 34 L.Ed.2d 93.

In an effort to demonstrate that the classification in § 202.435 is arbitrary and unreasonable appellant cites numerous sections of the statutes[2] authorizing confine-

2. Persons who are mentally retarded (§ 202.595); persons over 16 years of age, mentally ill or having symptoms of mental illness, who apply for admission personally or by guardian, and persons at least 17 years of age who are mentally retarded, not under juvenile court jurisdiction, and whose mental condition is of such severity that care and treatment in a hospital is necessary (§ 202.783); persons mentally ill and in need of care or treatment in a hospital on a temporary basis who, because of illness lack sufficient insight or capacity to make application therefor (§ 202.797); temporary 3-day confinement of persons certified by a physician to be men-

tally ill or retarded, at least 17 years of age, not under juvenile court jurisdiction, who because of their mental condition are likely to injure themselves or others if not immediately restrained (§ 202.800); temporary confinement of the same types of persons, without medical certification (§ 202.803); involuntary hospitalization for an indeterminate period of persons mentally ill, in need of custody, care or treatment in a medical facility, who because of their mental condition lack sufficient insight or capacity to make responsible decisions with respect to their hospitalization (§ 202.807); temporary detention of persons referred to in §§ 202.797,

ment, voluntary or involuntary, of various classes of persons in facilities of the Division of Mental Health or public hospitals; persons claimed by appellant to share the characteristics of mental illness, dangerousness, lack of insight, and procedural status with the two classes named in § 202.435.

Appellant urges that there is nothing unique about the two classes affected by § 202.435; that they are not all insane; not all subject to criminal process, and not uniquely dangerous to themselves or others "since persons who are committed under sections 202.800, 202.803, or section 475.355 are similarly classified as 'dangerous'"; that there is no rational basis for distinguishing between the affected and the unaffected subclasses of all committed persons under the jurisdiction of the Division of Mental Health; in other words, that the classes affected by § 202.435 are "under-inclusive." Appellant argues that a number of persons committed to the hospital under these various sections could commit the identical act (leaving the hospital grounds without permission) and those in the two subclasses named in § 202.435 would be subject to prosecution, while others committing the same offense but falling in different subclasses would be exempt from prosecution. In support of the contention that an under-inclusive statute may constitute invidious discrimination appellant cites Skinner v. Oklahoma ex rel. Williamson, 316 U.S. 535, 62 S.Ct. 1110, 86 L.Ed. 1655 (1942), and Eisenstadt v. Baird, 405 U.S. 438, 92 S.Ct. 1029, 31 L.Ed.2d 349 (1972).

■ Section 202.435 does not violate the equal protection of the laws clause on the ground that the classification is arbitrary and unreasonable. Section 202.435 makes amenable to felony prosecution any criminal sexual psychopath committed under §§ 202.700–202.770 and any accused in a criminal proceeding awaiting trial, or defendant in a criminal case who has been acquitted on the ground of mental disease or defect excluding responsibility, etc. committed under §§ 552.010–552.080, who unlawfully removes himself from the legal restraint placed upon him under these sections. It is true that the failure of § 202.435 to mention any of the persons listed in footnote 2 makes it possible for them to remove themselves from the restraint imposed by the Division of Mental Health, without criminal penalty. Thus § 202.435 *is* under-inclusive—it does not cover the entire field of persons under legal restraint by a facility of the Division of Health. The vitally important fact, however, is that § 202.435 includes all within the two subclasses mentioned. All persons within those two subclasses are treated alike and with equality. The classification rests upon a ground relevant to the state's objective; rests upon a real difference which bears a reasonable and just relation to the act of unlawful removal from legal restraint. All persons "similarly circumstanced [are] treated alike." Reed v. Reed, 404 U.S. 71, 76, 92 S.Ct. 251, 30 L.Ed.2d 225 (1971). The justification for treating the two subclasses of persons described in § 202.435 differently from the treatment accorded civil patients committed to the facilities of the Division of Mental Health under other statutory provisions is clear: the two subclasses are made up of persons who either are accused of criminal activity or suspected of having criminal propensities, or have been convicted of a crime and are therefore considered dangerous to others. The State in the exercise of the police power has a legitimate interest in protecting the general public from exposure to persons who may endanger the public safety. The

202.800, 202.803 or 202.807 pending removal to a hospital (§ 202.813); detention pending judicial proceedings (§ 202.857); apprehension and restraint of any person "so far disordered in his mind as to endanger his own person or the persons or property of others," where an information has been charged under

§ 475.075 or Chapter 202, RSMo. (§ 475.-355); epileptic, mentally deficient or mentally disordered juveniles, who may be disposed of under § 211.201(1) and (2); §§ 195.505, 195.520, 195.525 and 195.530, relating to detention of drug addicts or drug dependent persons.

distinction drawn between persons having these dangerous characteristics or proclivities and persons civilly committed who do not have them is reasonable and rests upon a ground relevant to the achievement of the State's objective, which is the preservation of the public safety.

The fact that the subclasses mentioned in § 202.435 are under-inclusive does not constitute a denial of the equal protection of the laws. "The Federal Constitution does not require that all state laws shall be perfect or that state laws shall cover the entire field of proper legislation in a single enactment. There is no constitutional requirement that regulation must reach every class to which it might be applied— that the legislature must regulate all or none. It is not unconstitutional merely because it is not all-embracing and does not include all the evils within its reach. * * * It is generally sufficient if a statute embraces such instances as lie at the root of the evil which it is sought to remedy, and when it does this, it does not deny to any person the equal protection of the law by reason of its failure to include other matters within the scope of its operation. The state may legislate in such a manner even though the forbidden act does not differ in kind from those that are allowed, because it is free to recognize degrees of harm and may confine its restrictions to those classes of cases where the need is deemed to be clearest. Hence, it is not enough to invalidate a law that others may do a thing which is equally harmful and go unpunished, if, as a matter of fact, it is found that the danger is characteristic of the class named." 16 Am. Jur.2d Constitutional Law § 505. And see State v. Champ, 477 S.W.2d 81 [1–5] (Mo.1972); State v. Lee, 404 S.W.2d 740 [1] (Mo.1966); McClellan v. Kansas City, 379 S.W.2d 500 [15–17] (Mo. banc 1964), and authorities cited, and 16A C.J.S. Constitutional Law § 505, p. 311, fn. 39, 40; § 563, p. 521, fn. 6. The Skinner and Eisenstadt cases cited by appellant are obviously distinguishable on their facts.

■ (2) On the relationship between a legitimate state interest and the means chosen to protect that interest: Appellant argues that it is irrational for the state to enact a statute which applies criminal sanctions only to those persons who may be held criminally responsible under the designated sections. Appellant asserts that it is odd to make it a crime for a person committed to the Division of Mental Health to run away from a state hospital; to bring persons charged under § 202.435 to trial in *criminal* proceedings (in which the accused is entitled to the defense of insanity), and then after being acquitted on the ground of mental irresponsibility to recommit them to the custody of the Division of Mental Health in what appellant brands as an "utterly irrational circular process which makes no sense whatsoever." In determining the validity of statutes enacted under the police power, however, courts must disregard all matters relating to the wisdom, adequacy, propriety, expediency or policy of the act in question. State v. Day-Brite Lighting, 362 Mo. 299, 240 S.W.2d 886, 893 [6, 7] (banc 1951); 16 C.J.S. Constitutional Law § 198, p. 960. If there is any reasonable basis upon which the legislation may constitutionally rest "the court must assume that the legislature had such fact in mind and passed the act pursuant thereto." Poole & Creber Market Co. v. Breshears, 343 Mo. 1133, 125 S.W.2d 23, 31 (1938); State ex rel. Missey v. City of Cabool, 441 S.W.2d 35, 43 [16] (Mo.1969). Various situations providing a reasonable basis for § 202.435 readily occur to the mind. The section with propriety could be applied to a person who is not insane or feebleminded and has not been charged with a specific crime, but who is involuntarily confined under § 202.720; or to a person accused of crime but who is not in fact mentally irresponsible; or to a person who has been determined to be mentally irresponsible but who walks away from the hospital during a lucid interval.

■ Finally, appellant contends that § 202.435 is unconstitutional under the "strict

scrutiny" test, under which, according to appellant, the State must demonstrate a compelling state need and a significant relationship between that need and the means chosen to remedy it, whenever the claim includes either the invocation of a fundamental right or the allegation of a suspect classification. Appellant contends that under Union Pacific Ry. Co. v. Botsford, 141 U.S. 250, 11 S.Ct. 1000, 35 L.Ed. 734 (1891), and the concurring opinion of Douglas, J., in Doe v. Bolton, 410 U.S. 179, 93 S.Ct. 739, 35 L.Ed.2d 201 (1973), the freedom of one's person from all restraint or compulsion ("freedom to walk, stroll or loaf") is a sacred and fundamental right protected by the Fourteenth Amendment; that there is no "compelling state need" as to the affected classes alone which would justify the means chosen by the state through § 202.435, and no "significant" relationship between the asserted need and the means chosen.

Without elaborating on the question whether personal autonomy is a fundamental right existing within the penumbra of liberty, and assuming that it is, the right is not absolute but is subject to restriction within the bounds of due process of law. There is no contention or showing that the order of the circuit court committing appellant to the custody of the Director of the Division of Mental Diseases was not made in strict accordance with the requirements of due process, or that appellant was unlawfully restrained of his liberty at the time he removed himself from the restraint imposed upon him at State Hospital No. 1. Therefore, even if there is a fundamental right to walk where one pleases, appellant had no such right at the time and place in question.

Furthermore, there is a compelling state interest, heretofore adverted to, justifying the enactment of § 202.435, namely, the public safety, i. e., the protection of the general public from persons considered dangerous, who are either accused of criminal conduct, or acquitted of criminality by reason of mental disease or defect, or have exhibited a propensity toward the commission of criminal acts, or who are reasonably suspected of being mentally unstable; and we find a significant relationship between the asserted need and the means chosen.

For these reasons the judgment is affirmed.

STOCKARD, C., concurs.

PER CURIAM:

The foregoing opinion by HOUSER, C., is adopted as the opinion of the court.

All of the Judges concur.