Dear Representative Patterson:
This letter is in response to your request for an opinion of this office regarding the authority of the Missouri Real Estate Commission under Section 339.120, RSMo Supp. 1984. The question posed is:
 Has the Missouri Real Estate Commission exceeded its authority under section 339.120, RSMo Supp. 1984, by allowing real estate companies to conduct continuing education courses and declare that its agents have successfully passed the courses, furthermore, do the rules made by the Missouri Real Estate Commission allowing the real estate companies to teach their own courses present an equal protection problem in that small real estate companies cannot compete effectively with large real estate companies in the area of continuing education for real estate agents?
Section 339.120, RSMo Supp. 1984, is the statutory provision creating the Missouri Real Estate Commission and defining qualifications of members, terms of and compensation for appointment, and the powers and duties of the Commission. The Commission has authority to:
 [D]o all things necessary and convenient for carrying into effect the provisions of this chapter, and may from time to time promulgate necessary rules and regulations compatible with the provisions of this chapter.
Section 339.040.7, RSMo Supp. 1984, states:
 The commission shall require every active broker, salesperson, officer or partner to present upon license renewal evidence that during the two years preceding he has completed twelve hours of real estate instruction in courses approved by the commission. The commission may, by rule and regulation, provide for individual waiver of this requirement.
 4 CSR 250-10.010 through 4 CSR 250-10.080 set forth rules and regulations on continuing education which have been promulgated by the Commission. 4 CSR 250-10.020 states:
 All continuing education courses and instructors must be sponsored by a person, institution or organization who is responsible for the formation and administration of courses.
Under the statute, the legislature allowed the Commission to designate which entities are eligible to provide continuing education. Under 4 CSR 250-10.020, individuals, schools, and corporations are eligible to sponsor continuing education. The remaining regulations on continuing education address course approval, instructor approval, physical facilities, advertising, records, and the investigation and review. 4 CSR 250-10.030 — 10.080. None of these sections differentiate between courses sponsored by an individual, corporation, or school. All entities must meet the same criteria in order for a student to receive continuing education credit.
4 CSR 250-10.070 states:
 (1) Each licensee shall be responsible for providing the commission, within thirty (30) days following the completion of a course, a certificate of course completion in a form prescribed by the commission.
 (2) At the close of any continuing education course, the sponsor shall issue to each licensee who has satisfactorily completed the course a certificate of course completion in duplicate in a form prescribed by the commission.
 (3) Within ten (10) days of the completion of the course, the sponsor shall submit to the commission, on a form prescribed by the commission, a list of those licensees who have satisfactorily completed the course, with their license numbers. The commission may, at its discretion, extend the ten (10)-day period.
 (4) Sponsors of continuing education courses shall maintain, for a period of not less than three (3) years, complete records of course attendance and student certification and shall supply duplicate certificates to licensees upon request. A reasonable charge may be made for such duplicate certificates.
Thus, the sponsor of a course is responsible for providing to the student a certificate of course completion at the close of the course. The licensees must then submit their certificates to the Commission within thirty days. This requirement applies to all entities which sponsor continuing education, whether they be individuals or large real estate companies. Furthermore, real estate companies do not declare that its agents have successfully passed the course since mere attendance is the only prerequisite to continuing education credit.
Clear statutory authority exists for the Real Estate Commission to promulgate rules and regulations to effectuate the intent of the legislature with regard to continuing education. Sections 339.040.7 and 339.120.1, RSMo Supp. 1984. The equal protection clause allows the State legislature wide discretion when creating classifications, precluding only those classifications without any reasonable basis, and therefore, arbitrary. City of St. Louis v. Liberman, 547 S.W.2d 452, 458
(Mo. Banc 1977). Furthermore, a legislative classification assailed on an equal protection ground is not rendered arbitrary or invidious merely because it is under-inclusive; there is no constitutional requirement that regulation must reach every class to which it might be applied or that the legislature must regulate all or none. Id.
The above-questioned regulatory scheme allows persons, institutions, and organizations to sponsor continuing education courses. Large real estate companies as well as small may sponsor courses. Nothing in the language of the legislation requires the Missouri Real Estate Commission to limit the numbers or types of entities which may teach continuing education. Furthermore, all entities which are permitted to sponsor continuing education are treated the same and an equal protection challenge on that ground is, therefore, not warranted. State v. Ewing, 518 S.W.2d 643, 646 (Mo. 1975).
Very truly yours,
 WILLIAM L. WEBSTER Attorney General