Argued June 26, affirmed July 24, 1923.

## PORTLAND *v*. KOZER ET AL.

(217 Pac. 833.)

**Taxation—Statutory Exemptions Strictly Restricted to Those Stated.**

1. In the absence of a constitutional inhibition, the right to make reasonable exemptions from taxation rests with the legislature, but, where there is a doubt in regard to a statute attempting to make an exemption, the uncertainty will be resolved against the exemption.

**Licenses—Taxation of Privilege for Revenue Purposes Held Within Legislative Power.**

2. There is no constitutional limitation on the right of the legislature to enact a law requiring a tax on a privilege for revenue purposes and exempting such property as it sees fit, except as restricted by the Constitution.

**Licenses—Exemption from Property Taxation of State Property Does not Include Excise and Privilege Taxes.**

3. The rule that exemption of property from taxation does not include exemption from excise or privilege taxes applies to state property.

**Licenses—Municipalities not Exempt Under Statutes from Paying Tax Added to Price of Gasoline.**

4. The exemption of municipalities in Laws of 1919, page 704, and Laws of 1921, page 739, Section 52, the want of any exemption in favor of municipalities in Laws of 1919, page 219, and the refund provision in Laws of 1921, page 811, Section 11, taken together plainly indicate the legislative intent not to relieve municipalities from paying an indirect privilege tax on gasoline incidentally added to the price to raise funds for highway improvement, provided by Laws of 1919, page 219, and Laws of 1921, page 807, under the rule that expression of one thing is the exclusion of another.

From Marion: GEORGE G. BINGHAM, Judge.

In Banc.

AFFIRMED.

For appellant there was a brief and oral arguments by *Mr. Frank S. Grant*, City Attorney, and *Mr. Lyman E. Latourette*, Deputy City Attorney.

For respondent Sam A. Kozer there was a brief over the names of *Mr. I. H. Van Winkle,* Attorney General, and *Mr. Willis S. Moore,* Assistant Attorney General, with an oral argument by *Mr. Moore.*

For respondent Associated Oil Company there was a brief over the name of *Messrs. Dey, Hampson & Nelson.*

BEAN, J.—This is a suit to enjoin the Secretary of State from collecting a tax known as the gasoline tax. A demurrer was filed to plaintiff's complaint, which being sustained by the Circuit Court, plaintiff declined to plead further, whereupon a decree was rendered dismissing the suit. Plaintiff appeals.

The case involves the construction of Chapter 159, General Laws of Oregon for 1919, and Chapter 412, General Laws of Oregon for 1921. The validity of the statutes is not questioned.

Section 2 of Chapter 159, Laws of 1919, provides:

"That in addition to the taxes now provided for by law, each and every dealer, as defined in this act, who is now engaged or who may hereafter engage in his own name, or in the name of others, or in the name of his representatives or agents in this state, in the sale or distribution, as dealers and distributors, of motor vehicle fuel as herein defined, shall not later than the fifteenth day of each calendar month render a statement to the secretary of state of the state of Oregon of all motor vehicle fuel sold or distributed by him or them in the state of Oregon during the preceding calendar month, and pay a license tax of 1 cent per gallon on all motor vehicle fuel, except distillate, so sold or distributed, and a license tax of one half cent per gallon on distillate so sold or distributed as shown by such statement in the manner and within the time hereinafter provided."

Section 5 provides that said "license tax" shall be turned over by the Secretary of State to the State Treasurer, and placed to the credit of the state highway fund to be expended as provided by law.

Section 2 of Chapter 412, Laws of 1921, provides that every dealer, in addition to the taxes now provided by law, shall pay a license tax of one cent per gallon on all motor vehicle fuel sold or distributed by him in the State of Oregon during the preceding month. Section 5 provides for funds for the refund of taxes in certain instances. Section 9 reads thus:

"All motor vehicle fuel, as defined in this act, distributed by any distributing agency to its branches throughout the state of Oregon, shall be deemed to have been sold and shall be subject to the requirements of this act, the same as if sold to the public at large."

Section 9 of Chapter 159 of the Act of 1919 is the same as the section just quoted. Section 11 of Chapter 412 of the Act of 1921 provides for a refund of taxes paid on motor vehicle fuel used for other purposes than the operation of motor vehicles on the public highways, whether the tax was paid by the consumer directly or by adding the amount of such tax to the price of the fuel.

It is contended on behalf of plaintiff that the tax is ultimately paid by the consumer and that the state, counties, municipalities and other state agencies are exempt from paying the tax of two cents per gallon which is imposed by these statutes.

The complaint sets out two separate causes of action. One refers to the first statute and the other to the later statute. Each cause of action, after setting out the official position of Sam A. Kozer as

Secretary of State, the corporate existence and business of the Associated Oil Company and the fact that the City of Portland is a municipal corporation, alleges that the plaintiff has a large number of vehicles consisting of police patrol vehicles, fire apparatus, etc., all of which are used for public and governmental purposes; that the same are equipped for using gasoline and other liquids of similar character described by the statute, and are dependent upon the same for successful operation and maintenance; that in truth and in fact the exaction imposed by the statute is added to the price and uniformly collected by the seller and distributor from the consumer so that the seller or the distributor acts only as an agent or collector for the state; and that such tax was not intended to be imposed upon the City of Portland or other state agency exercising governmental control.

It is submitted on behalf of plaintiff that statutes which authorize or impose taxes are not to be so construed as to impose the tax upon the state or state agencies, such as cities, counties, etc. It may be within the authority of the state to impose a tax upon itself and upon its agencies, but a statute will not be so construed unless very definite language is used to exhibit such intention. Citing, 1 Cooley on Taxation (3 ed.), p. 263, and other authorities.

The Attorney General, on behalf of the Secretary of State, suggests that Chapter 159, General Laws of Oregon for 1919, provides for the tax upon the privilege of selling motor vehicle fuels, and Chapter 412, General Laws of Oregon for 1921, provides for a tax upon the privilege of using the highways of this state. Citing, *Northwest Auto Co.* v. *Hurlburt,* 104 Or. 398 (207 Pac. 161), and other authorities.

Article IX, Section 1, of the Constitution ordains as follows:

"The legislative assembly shall, and the people through the initiative may, provide by law uniform rules of assessment and taxation. All taxes shall be levied and collected under general laws operating uniformly throughout the state."

Article IX, Section 1–b provides that all ships and vessels of fifty tons or more capacity, whose home ports of registration are in the State of Oregon, shall be exempt from taxes until 1935. No other exemption is ordained by the Constitution.

Prior to 1917, Section 1 of Article IX provided that the legislative assembly should provide by law for the taxation of all property both real and personal "excepting such only for municipal, educational, literary, scientific, religious, or charitable purposes, as may be specially exempted by law."

Section 4235, Or. L., provides what property shall be exempt from taxation. Subdivision 2 thereof reads as follows:

"All public or corporate property of the several counties, cities, villages, towns, school districts, irrigation districts and drainage districts in this state used or intended for corporate purposes, except lands belonging to such public corporations held under a contract for the purchase thereof."

Under the Constitution as it read prior to the amendment, it was held in *Crawford* v. *Linn County,* 11 Or. 482 (5 Pac. 738), that no class of property not falling within the exceptions classified in that section could be exempted by the legislature from taxation.

1. It is a general rule that in the absence of a constitutional inhibition the right to make reasonable exemptions from taxation rests with the legislature,

but where there is a doubt in regard to a statute attempting to make an exemption, the uncertainty will be resolved in favor of the state and against the exemption: *Wallace* v. *Board of Equalization,* 47 Or. 585 (86 Pac. 365).

In *Northwest Auto Co.* v. *Hurlburt,* 104 Or. 398 (207 Pac. 161), this court, speaking by Mr. Justice McBride, said:

"The courts in speaking of financial exactions of the character herein discussed have sometimes called them licenses, and sometimes privilege taxes. Again, they are sometimes spoken of as license fees or license taxes; but by whatever name they may be called, they partake of the nature of a tax in many respects, and the designation given in the statute is immaterial, the courts being interested in the substance rather than in the name."

We are inclined to the belief that by defining or precisely designating the exactions under the statute referred to, we do not proceed on our journey to any extent. The writer is of the impression that the impositions on motor fuels provided by the statute partake to a certain extent of a license, sales tax, and privilege tax combined.

It is no doubt true that the amount of the tax usually finally falls upon the purchaser because the seller will naturally fix the price to be collected for the commodities sold which will include the amount of the tax: See *Clark* v. *Titusville,* 184 U. S. 329, 333 (46 L. Ed. 569, 22 Sup. Ct. Rep. 382, see, also, Rose's U. S. Notes). It may also be said that what is ultimately gained by the purchaser for the amount of the tax so included in the price is the use of the highways for automotive vehicles propelled by motor vehicle fuels. There are also some of the essential elements of the tax upon the sale, or the privilege of

the sale of motor fuels. The dealer, however, is required to pay the tax. Such dealer is required to keep a record in such form as may be prescribed by the Secretary of State of all purchases, receipts, sales and distribution of motor fuel, and is subject to a penalty for violation of the act. The tax is not imposed upon the purchaser directly. He is not required to do anything by the act although the result may incidentally cause the price of the motor vehicle fuels to be enhanced: *Pierce Oil Corp.* v. *Hopkins,* 282 Fed. 253. In the latter case the court said:

"The conclusion that the tax is not levied against the purchaser disposes of the basis of the only contention made by appellant of a violation of the Fourteenth Amendment; but it may be added that the conclusion that the tax is an excise tax on the privilege of making sales of the named products, although measured by the gallon sold for designated use, brings the act within the proper exercise of the state's power of taxation, when the commerce clause is not involved." Citing *Standard Oil Co.* v. *Graves,* 249 U. S. 389 (62 L. Ed. 662, 39 Sup. Ct. Rep. 320), and many other authorities.

Provisions similar to those in the Act of 1919 were construed by the Supreme Court of Arkansas in the case of *Standard Oil Co.* v. *Brodie,* 153 Ark. 114 (239 S. W. 753). The court held that the act did not provide a tax on gasoline, but on the use of the public highways by the vehicles mentioned in the act; that it is in effect the use of the public highways that is taxed and not the use of the article itself.

The main purpose of the Act of 1921 is practically to the same effect as that of 1919. The preamble to the Act of 1921, contains several "whereas" clauses, among which is the following:

"Whereas it is considered and deemed that a tax levied upon each gallon of motor vehicle fuel pur-

chased for use in motor vehicles is the equivalent of and in its practical effect a license fee and tax upon the motor vehicle itself, and the measure of the use of the highways is in direct relation to the amount of the motor vehicle fuels consumed in furnishing the motive power of motor vehicles, and with the license fees and taxes provided by other laws of the state of Oregon, the tax herein provided more nearly renders perfect the proper compensation to be paid by the motor vehicles for the use of facilities provided at great cost for the class for which needs they are essential and whose operation over the highways are peculiarly injurious."

The language of the later statute is definite as to the persons who are required to pay the tax therein provided. The municipalities are in no way relieved from the burden of paying any addition that may be added to the price of motor fuels which may be occasioned by the tax. There is no indication in the language of either of the statutes in question that it was the intention of the lawmakers to relieve municipalities from the burden of paying any such enhanced price.

The provision contained in Section 11 of the Act of 1921 for a refund of taxes paid on motor vehicle fuels used for other purposes than the operation of motor vehicles on the public highways is in the nature of an exception, and had it been the will of the lawmakers to make an exception in favor of municipalities no doubt the same would have been expressed in the act.

Section 52 of Chapter 371, General Laws of Oregon for 1921, relating to registration, licensing, taxing, etc., of motor vehicles provides that nothing contained in the act shall be deemed to apply to the registration and licensing of United States owned

motor vehicles and to traction engines, farm tractors, road-rollers, fire-wagons, fire-engines, invalid chairs and baby-buggies; and that motor vehicles, motorcycles, trailers and semi-trailers owned and operated by the State of Oregon, or cities, counties, or other political subdivisions of the state shall be exempt from the provisions of the act requiring payment of registration fees, except as in said section provided.

In *State* v. *Preston,* 103 Or. 631 (206 Pac. 304, 23 A. L. R. 414), the defendant, an employee of the City of Portland, contended that under the provision of subdivision 2, Section 4235, Or. L., a motor vehicle operated by him as an employee of the City of Portland in its corporate business was exempt from the payment of a license tax, pursuant to Chapter 399, Laws of 1919. At page 633 of the opinion Mr. Justice RAND said:

"From a consideration of Chapter 399, Laws of 1919, it is clear that this law was primarily designed, not only to regulate the operation of motor vehicles upon the public roads, streets and highways of the state, but also for the purpose of raising revenue for government purposes. That fact appears both from the title of the act and from the body of the law, where it provides that the fees imposed shall be in lieu of all other taxes and licenses except municipal license fees, and by the disposal which the statute directs shall be made of the fees so exacted."

It was held that subdivision 2, Section 4235, Or. L., so far as it relates to an automobile belonging to a city of this state and used for governmental purposes, did not in any way affect the duty of the city to comply with the provisions of Chapter 399, Laws of 1919, at the time of the defendant's arrest and conviction.

In the present case the question for determination is whether the city can be relieved from paying any

addition to the price of gasoline caused by the exaction of the statutes. In determining the policy of the state in the matter there are several statutes to be taken into consideration.

2. There is no constitutional limitation upon the right of the legislature to enact a law requiring a tax on a privilege for revenue purposes. What property shall be taxed and what shall be exempt except as restricted by the Constitution, is a question that rests with the legislature: 1 Cooley on Taxation (3 ed.), p. 9; *Camas Stage Co.* v. *Kozer,* 104 Or. 600 (209 Pac. 95, 99, 25 A. L. R. 27); *Briedwell* v. *Henderson,* 99 Or. 506, 517, 518 (195 Pac. 575). Exemptions from taxation are not favored and cannot be based upon implication. Taxation is the rule, and exemption must be provided for in clear and definite terms: *Northwest Auto Co.* v. *Hurlburt,* 104 Or. 398 (207 Pac. 161, 165); *Stillman* v. *Lynch,* 56 Utah, 540 (192 Pac. 272, 275, 12 A. L. R. 552, 556).

3. Exemption from property tax does not include exemption from excise tax: 1 Cooley on Taxation (3 ed.), p. 357. The rule that property of the state is exempt from taxation does not apply to privilege taxes: *Matter of Merriam,* 141 N. Y. 479, 484 (36 N. E. 505); *United States* v. *Perkins,* 163 U. S. 625 (41 L. Ed. 287, 288, 289, 16 Sup. Ct. Rep. 1073, see, also, Rose's U. S. Notes); 37 Cyc. 1574.

4. Chapter 399, General Laws of Oregon for 1919, and Chapter 371, General Laws of 1921 (see Section 52), regulating the operation of motor vehicles and to raise revenue, and the Act of 1919 taxing gasoline and regulating the sale thereof and the Act of 1921 providing for levying an additional tax on motor fuels, provide a general system the main purpose of which is to augment the state highway fund. For

all practical purposes these acts are to be read *in pari materia.* The exemption in the auto license law of 1919 and 1921, the want of any exemption in favor of municipalities in the gasoline tax law of 1919, and the provision for a refund in the statute of 1921, taken altogether and carefully considered, plainly indicate that it was not the legislative intent to make any provision for relieving municipalities of the state from paying any addition that may be incidentally added to the price in the sale of motor fuels, on account of the tax thereon. The maxim *expressio unius est exclusio alterius*—the expression of one thing is the exclusion of another—applies.

After a tax has been levied and assessed on all property in the state, the state, counties and municipalities might be required to purchase, and no doubt do purchase, large quantities of merchandise and personal property which has been subjected to taxation in the hands of the seller, and the price thereof raised on account of such taxes. Yet it would hardly be thought that under such circumstances a municipality would be entitled to a refund for any tax paid indirectly by the purchase of such property.

To grant the prayer of the plaintiff city, and relieve the several municipalities of the state as desired by plaintiff would leave the statutes in question like mere skeletons for all practical purposes, a condition that the lawmakers never intended. A statute should not be so construed to render it absurd if it is susceptible of another construction which would avoid the absurdity: *Standard Oil Co.* v. *Brodie,* 153 Ark. 114 (239 S. W. 753).

We conclude that the statutes in question do not provide for levying the tax upon the municipalities of the state, but against the seller or dealer prior to the

purchase of gasoline made by the city. Plaintiff is not entitled to the relief prayed for.

The decree of the Circuit Court sustaining the demurrer to plaintiff's complaint and dismissing the suit was correct and should be affirmed. It is so ordered.                                     AFFIRMED.