151 So. 856

## STATE v. CITY OF MONTGOMERY.
### 3 Div. 57.

Supreme Court of Alabama.
June 15, 1933.

Rehearing Denied Nov. 2, 1933.

Further Rehearing Denied Jan. 18, 1934.

Thos. E. Knight, Jr., Atty. Gen., and Frontis H. Moore, Asst. Atty. Gen., for the State.

94

John L. Goodwyn and Hill, Hill, Whiting, Thomas & Rives, all of Montgomery, for appellee.

Bradley, Baldwin, All & White and John S. Coleman, of Birmingham, and Holley & Milner, of Wetumpka, filed briefs, as amici curiæ, in support of appellant's contention.

W. J. Wynn and J. H. Willis, both of Birmingham, filed brief, as amici curiæ, in support of the contention of appellee.

FOSTER, Justice.

The questions here presented are: (1) The sufficiency of count 3, and (2) of plea 3 as an answer to the common counts. The rulings were adverse to the state causing a nonsuit to review them by appeal.

Count 3 claims an amount "due by defendant for gasoline taxes on gasoline used and withdrawn from storage as required by" certain acts of the Legislature there mentioned by their title. Plea 3 is that defendant purchased the gasoline outside of Alabama, shipped it in tank cars directly into storage tanks of defendant, and that defendant withdrew it from time to time from such storage tanks for use and was used by it in its governmental or municipal purposes and for nothing else.

Count 3 points out the several acts of the Legislature on which it relies for a recovery.

The act first mentioned, Gen. Acts 1923, p. 36, levies a 2-cent tax on every distributor and retail dealer in gasoline for every gallon sold in this state. It defines a "distributor" as including any person who shall engage in the selling of gasoline by wholesale in domestic trade, and a "retail dealer" as including any person who is a distributor who also engages in the sale of gasoline in broken quantities.

Its provisions therefore do not show that the city is liable for a tax there described.

The act next mentioned, Gen. Acts 1927, p. 326, amends the first so that the tax is also levied upon a *storer* of gasoline, in addition to a distributor and retail dealer, and defines a "storer" as including any person who ships gasoline into this state in tank quantities and stores and withdraws the same for any purpose.

The Act of January 25, 1927 (Gen. Acts 1927, p. 16), is essentially the same as the last above mentioned in levying the tax. Such is also the Act of July 27, 1931 (pages 859, 860), and of November 5, 1932, Ex. Sess. (page 314).

We must pass upon the questions as presented by the pleadings under review, not necessarily as the tax is described in the acts, unless the pleadings show that defendant is within their terms.

Count 3 does not allege in terms or in substance that defendant is a distributor, retail dealer, or storer. Since they only are such as must pay the tax under the acts, we have no trouble in agreeing that the demurrer to count 3 was properly sustained.

But the facts alleged in plea 3 to the common counts may be held to show that defendant is a storer of gasoline as thus defined, and as counsel seem so to treat it, we will likewise do so.

There is a clear distinction between (1) an excise tax upon the business, occupation, or privilege of owning, storing, and withdrawing gasoline, imposed not only for revenue but also because it is a dangerous explosive, and within the police power of the

state, and (2) a tax upon the separate acts of the owner in taking his property out of storage for his own use; for this is a property tax. This distinction is clearly defined in Dawson v. Kentucky Dist. Co., 255 U. S. 288, 41 S. Ct. 272, 65 L. Ed. 638.

It is also shown that the latter is a property tax, though called an excise, and must be controlled by the Constitution in so far as it affects that character of tax rather than an excise. Its designation as an excise or license tax is not conclusive. The cases generally give effect to such distinction and look into its true nature to determine whether there is a prohibition in the Constitution. Sheip & Co. v. Amos, 100 Fla. 863; 130 So. 699; Foster, etc., Co. v. Graham, 154 Tenn. 412, 285 S. W. 570, 47 A. L. R. 971; Bowman v. Continental Oil Co., 256 U. S. 642, 41 S. Ct. 606, 65 L. Ed. 1139; Hart Refineries v. Harmon, 278 U. S. 499, 49 S. Ct. 188, 73 L. Ed. 475; The Texas Co. v. Brown, 258 U. S. 466, 42 S. Ct. 375, 66 L. Ed. 721.

It is of course conceded by all that if it is a tax on the property or an essential element of its ownership, and not on an occupation or for a privilege, it is in violation of section 91 of the Constitution. The right of the state to tax a city as any other corporation except as prohibited or limited by the Constitution is not questioned. Van Brocklin v. Anderson, 117 U. S. 151, 6 S. Ct. 670, 29 L. Ed. 845.

The acts in question impose a tax upon a storer as well as a distributor or retail dealer. We think this is true though it is not due until it is withdrawn from storage, and is measured by the amount so withdrawn rather than the amount placed in storage. True, it may leak and waste out of storage, or explode, and thereby and to that extent no tax is payable; but the whole of the acts taken together show, we think, that the purpose is to impose the tax on the storage, though measured by the amount withdrawn, and then it becomes due to be paid.

Since the privilege of storing is the basis of the tax, and for that purpose an excise may be levied, it is not controlled by section 91 of the Constitution, and it is immaterial to what use it is put after it is withdrawn from storage. Crockett v. Salt Lake County, 72 Utah, 337, 270 P. 142, 60 A. L. R. 867.

It follows that since the facts set out in plea 3 may be fairly interpreted to show that defendant is a storer of gasoline as defined by the acts of the Legislature, the tax is due to be paid by the city and may be recovered on the common counts, if a city is held to be fairly within the purview of the acts when truly interpreted.

Several of the states have construed their laws to include cities and counties in this requirement. Crockett v. Salt Lake County, 72 Utah, 337, 270 P. 142, 144, 60 A. L. R. 867; Portland v. Kozer, 108 Or. 375, 217 P. 833; State v. Monroe (La. Sup.) 149 So. 541; Jackson v. State, 156 Miss. 306, 126 So. 2; West Palm Beach v. Amos, 100 Fla. 891, 130 So. 710; Louisville v. Cromwell, 233 Ky. 828, 27 S.W.(2d) 377; Independent School Dist. v. Pfost, 51 Idaho, 240, 4 P.(2d) 893, 84 A. L. R. 820.

In the Utah case (Crockett v. Salt Lake County), supra, it was held to include cities, because the tax was for the public highways, "and the directions contained in the act as to the disposition of the funds so raised not only fail to indicate an intention on the part of the Legislature not to exempt municipalities from payment of the tax, but negative any inference that such municipalities were intended to be relieved from the payment of the tax."

In Portland v. Kozer, 108 Or. 375, 217 P. 833, cities were held liable for the tax because of the intention to include them, manifested by the exemption of certain others not including cities in the exemption so declared.

In State v. Monroe, supra, reliance is placed on the principle of the Utah and Oregon cases, supra, that the expression of certain exemptions impliedly included all others in the tax requirement, and on the further argument that to exempt cities would deprive local dealers of their legitimate profits, giving it to outside dealers, which should not be held to have been intended.

In the case of Jackson v. State, 156 Miss. 306, 126 So. 2, the Mississippi court referred to the general rule of an implied exemption of cities, but held that certain features of its act showed a manifest purpose to include cities in the tax levy, and it was therefore upheld as to them.

In West Palm Beach v. Amos, 100 Fla. 891, 130 So. 710, cities were included, it was held, because an amendment was adopted in the passage of the act which deleted a provision which then appeared in it and which exempted them from its operation, and by the inclusion of them in certain provisions of another amendment which showed an intent to include them in the tax.

In the Kentucky case (Louisville v. Cromwell), supra, it was said that six Legislatures had enacted the tax law. The authorities had construed them so that the exemption to cities was not allowed, and with that interpretation publicly known, the Legislature did not deem it necessary expressly to include them in the terms of the act.

In the Idaho case (Independent School Dist. v. Pfost), supra, it is said that the usual presumption that cities are exempt from a

96

general tax applies only to property taxation, not to excise or privilege taxes.

In the following cases it was held that such an excise tax in the general terms does not include cities and counties. Stedman v. Winston-Salem, 204 N. C. 203, 167 S. E. 813; O'Berry v. Mecklenburg, 198 N. C. 357, 151 S. E. 880, 67 A. L. R. 1304; People v. City and County of Denver, 84 Colo. 576, 272 P. 629.

■ The general rule is that when a tax levy is laid in general terms with nothing to indicate that it was intended to apply to a city or county, it will be held not so to apply. Huntsville v. Madison County, 166 Ala. 389, 52 So. 326, 139 Am. St. Rep. 45; Van Brocklin v. Anderson, 117 U. S. 151, 6 S. Ct. 670, 29 L. Ed. 845. There is no infringement of this principle to hold that when a city buys gasoline from a dealer who is subject to the tax, the amount of it should not be deducted. The tax is imposed on the dealer and not on the city in that transaction, though it incidentally is paid in the amount of the purchase price. Orange State Oil Co. v. Amos, 100 Fla. 884, 130 So. 707.

The implied exemption of a city from tax levy is based upon the theory that the city must levy a tax to pay the tax, which we will not ordinarily presume was intended by the Legislature.

The Idaho case (Independent School Dist. v. Pfost), supra, recognizes the general rule of such implied exemption, but holds that it only applies when both agencies are supported by a property tax, and not when one is wholly or mainly supported by an excise tax, and the other wholly or mainly supported by property taxes; and since the highway department is an agency supported by excise taxes, the burden is impliedly placed upon all users of the highways, including cities and counties.

The funds of a city and county are derived both from property taxes and excises, if that is material to this inquiry. In any event, it is the imposition of a tax to pay a tax. Unless such is the clear legislative purpose, an act will not be so interpreted.

■ We need not extend the discussion further than to say that we find nothing in our acts which show a purpose to include cities or that the general and well-established principle does not serve to exempt cities from the general terms of the act. There was therefore no error in the ruling of the court.

The former opinion is withdrawn, and this is substituted.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.