56 So.2d 111

**CITY OF BIRMINGHAM v. BIRMINGHAM BUSINESS COLLEGE, Inc.**

6 Div. 233.

Supreme Court of Alabama.

June 14, 1951.

Rehearing Denied Jan. 10, 1952.

J. M. Breckenridge, Birmingham, for appellant.

552

Ray & Giles, Birmingham, for appellee.

FOSTER, Justice.

The question on this appeal is whether a license placed by an ordinance of the City of Birmingham, approved November 3, 1948, entitled "School" and numbered section 231, upon a business college (which includes a commercial college, trade school or dancing school, but no other sort of school) is valid in so far as a business college is concerned.

The trial court held the ordinance invalid, without specifying the grounds for so holding. We agree with that result.

The attacks made upon the ordinance are, (1) that the public policy of the State is against taxing school property, and that a general law authorizing a city to license businesses will not cover a school, but that to do so the law should be a "specific, positive, lawful grant of power by the State to the municipality." And it is claimed there is no such grant of power. (2) That it deprives appellee of equal protection of the law in derogation of the Fourteenth Amendment, in that it does not include all the class of schools to which appellee belongs.

In respect to the first contention, the principle of law sought to be applied is not controverted and is well supported. Ward v. Markstein, 196 Ala. 209, 72 So. 41; 2 McQuillen on Municipal Corporations, 2d Ed.Rev., 708. The policy of the State is said to be established by the following constitutional and statutory provisions:

Section 229 of the Constitution exempts from the payment of a corporate franchise tax "strictly benevolent, educational, or religious corporations."

Section 217, Constitution, exempts from the uniformity of the rate of tax institutions devoted "exclusively to religious, educational or charitable purposes."

Section 91, Constitution, exempts from ad valorem taxation lots with buildings on them "used exclusively for religious worship, for schools, or for purposes purely charitable." This does not exempt person-

alty of such schools. State v. Bridges, 246 Ala. 486, 21 So.2d 316, 159 A.L.R. 678; Anniston City Land Co. v. State, 160 Ala. 253, 48 So. 659. The legislature may by specific legislation exempt personalty. Anniston City Land Co. v. State, supra.

Section 471, Title 51, Code, exempts from a license a baseball park owned and maintained "in good faith by educational institutions located in this state."

Section 494, Title 51, Code, exempts from the license fee for concerts, lectures, etc., "any lecture course given as a part of the course of instruction in any educational institution."

Section 582, Title 51, Code, exempts from the license fee for restaurants, etc., those "operated in connection with, by or as a part of any school, college or university."

The City of Birmingham has unlimited power to adopt ordinances and levy licenses not inconsistent with the laws of the State, Federal and State Constitutions, to carry into effect the powers and duties conferred by law upon it. Sections 455 et seq., and 735, Title 37, Code; section 654, Title 62, as amended, Pocket Part, Code, Act of June 28, 1943, General Acts 1943, page 250.

Section 91, Constitution, exempts from all taxation the property of the State, counties and municipal corporations. Therefore, there could be no tax on public school property. But this provision does not prohibit an excise or improvement tax from being levied against a city or county when it is clearly so intended. City of Huntsville v. Madison County, 166 Ala. 389, 52 So. 326; State v. City of Montgomery, 228 Ala. 93, 151 So. 856; City of Birmingham v. State, 233 Ala. 138, 170 So. 64; State Tax Comm. v. County Board of Education, 235 Ala. 388, 179 So. 197; Board of Education of Jefferson County v. State Tax Comm., 237 Ala. 434, 187 So. 414.

So that it will not be supposed that a license tax was imposed on a public school of a county or city without a clear intention to do so. This would be unthinkable. But it is by reason of its public nature and not because it is a school. In so far as schools as such are concerned, the Constitution and laws specify the exemption to which they

are entitled. Exemptions can be granted to schools other than those specified in the Constitution. State v. Alabama Educational Foundation, 231 Ala. 11, 163 So. 527; State v. Bridges, supra. But where the Constitution and laws make exemptions from taxation in respect to schools and their property, it will not be implied that an exemption from other tax levies was intended: not now speaking of public schools.

We do not think that the status of the constitutional provisions and legal enactments manifest a policy to exempt schools, from the tax laws of the State except as they are so expressly exempted by law or the Constitution.

■ We think it is clear that a business college or school is a business enterprise and is subject to a license tax so levied, provided such tax is not subject to some other valid objection.

It is next insisted that the ordinance is discriminatory and in violation of the Fourteenth Amendment. It imposes a license or privilege tax of one hundred dollars on "each person, firm or corporation conducting a business college, commercial college, trade school, or dancing school." No other sort of schools are licensed by city ordinance, except aviation schools and beauty schools by separate ordinances.

The subjects of the power of the city to license are set out in § 735, Title 37, Code, as follows: "any exhibition, trade, business, vocation, occupation, or profession not prohibited by the constitution or laws of the state." It is made clear that it is the business that is subjected to the power to license. " 'Business is as legitimate an object of the taxing power as property.' " Smalley v. City of Oneonta, 253 Ala. 663, 46 So.2d 201, 203. But we think the licensing power under section 735, supra, does not extend to schools which are not conducted as a business enterprise. That would exclude colleges and schools owned and conducted by religious sects, not for profit but as a means of developing religious activities and denominational material and to promote religion. We think it would include all privately owned schools conducted for the purpose of maintaining a business in which fees and charges are made for its maintenance and support and ultimately for the purpose, or in the hope, of earning a profit for distribution to its promotors. While a business college, such as that conducted by appellee, is subject to a license charge otherwise valid under section 735, supra, the license charge is not valid if it is discriminatory and, therefore, prohibited by the Fourteenth Amendment. Equal protection is satisfied when all persons of the same class fairly made are subject to the same amount and terms of such tax law. Smalley v. Oneonta, supra.

There are various private schools in Birmingham conducted as a business, teaching other and different subjects, but conducted technically for profit. The difference from a legal standpoint is that of the subjects taught, respectively. There are schools of music; schools for boys and schools for girls, separately conducted and owned, teaching general academic subjects; schools of fashion and design, teaching "home arts," domestic science and interior decorating; the Birmingham School of Law; also a school of speaking and dramatic arts, which undertakes to correct speech deficiencies and offering instructions in dramatics and public speaking. There are some dozen such schools being conducted in the City of Birmingham, privately owned and not for the promotion of religious activities, but for profit, differing from the appellee in a legal sense here material only in the subjects taught. They all charge fees.

■ We do not think it is a proper classification for license charges within the meaning of the Constitution to put schools conducted for profit and privately owned in different classes with respect to each other solely on account of a difference in the subjects taught in them, respectively. We think the business of conducting a private school for profit, if it is made the subject of a license tax, should include all such businesses, unless there is a status which supports a different exercise of the police power and, if not so included, there is a discrimination within the equal protection clause of the Fourteenth Amendment. It has been held in this State that the

manner in which a commissary or store is conducted may not be the basis of a classification test. Alabama Consolidated Coal and Iron Co. v. Herzberg, 177 Ala. 248, 59 So. 305; Rochell v. City of Florence, 237 Ala. 635, 188 So. 247.

We noted in the case of State v. Alabama Educational Foundation, supra, that a classification under the Fourteenth Amendment may be also subclassified within recognized rules and limits.

■ But when a city is exercising its power conferred by legislation to levy a license tax upon businesses conducted in it, we do not think such businesses can be so classified as to exempt those conducted to emphasize particular phases of education and hold it operative against others, when the city is not invoking its police power.

In the case of Hale v. State, 217 Ala. 403, 116 So. 369, 58 A.L.R. 1333, this Court recognized a well known principle that it is not arbitrary to classify or reclassify businesses based upon the necessity for police protection with respect to those which are licensed, when no such protection is needed with respect to those not licensed, holding that the Fourteenth Amendment does not deprive a state of its police power to pass statutes for the protection of public health, safety or morals.

We note that, so far as the business of appellee is concerned, there is nothing shown about its conduct which calls into exercise the police power of the State in so far as public health, safety or morals are concerned.

It is made clear by the authorities that when the effort is to subclassify on account of matters of detail connected with the business, it must be based upon substantial differences which naturally call for a distinction upon which taxation is dependent. 33 Am.Jur. 358 to 360.

While all such businesses must be placed in the same general class for license taxation, we do not wish to imply that they may not be subclassified for the purpose of fixing the amount of the license fee, dependent upon their respective status material to that matter.

The judgment of the trial court is affirmed.

Affirmed.

LIVINGSTON, C. J., and BROWN, LAWSON, SIMPSON and STAKELY, JJ., concur.