91 So.2d 211

**CITY OF ANNISTON**

v.

**STATE of Alabama.**

**7 Div. 298.**

Supreme Court of Alabama.

Nov. 29, 1956.

Emerson & Watson, Anniston, for appellant.

John Patterson, Atty. Gen., and Willard W. Livingston, Asst. Atty. Gen., for appellee.

LAWSON, Justice.

The State Department of Revenue on January 22, 1953, made a final sales tax assessment against the City of Anniston based on gross receipts from five swimming pools and one golf course operated by that city through its Park and Recreation Board. The assessment covered a period of time beginning on August 1, 1949, and ending August 31, 1952, and is in the amount of $743.50, which amount includes tax, penalty and interest.

The State Department of Revenue made the assessment on the theory that the proceeds from admission fees to the swimming pools and the golf course were taxable under those parts of § 753, Title 51, Code 1940, as amended, which are hereafter set out:

"There is hereby levied, in addition to all other taxes of every kind now imposed by law, and shall be collected as herein provided, a privilege or license tax against the person on account of the business activities and in the amount to be determined by the application of rates against gross sales, or gross receipts, as the case may be, as follows: * * * (b) Upon every person, firm or corporation engaged, or continuing within this state, in the business of conducting, or operating, places of amusement or entertainment, billiard and pool rooms, bowling alleys, amusement devices, musical devices, theaters, opera houses, moving picture shows, vaudevilles, amusement parks, athletic contests, including wrestling matches, prize fights, boxing and wrestling exhibitions, football and baseball games, (including athletic contests conducted by or under the auspices of any educational institution within this state, or any athletic association thereof, or other association whether such institution or association be a denominational, a state, a county, or a municipal institution or association or a state, county, or city school, or other institution, association or school), skating rinks, race tracks, golf courses, or any other place at which any exhibition, display, amusement or entertainment is offered to the public or place or places where an admission fee is charged, including public bathing places, public dance halls of every kind and description within the state

of Alabama, an amount equal to * * * percent of the gross receipts of any such business. * * * "

The tax rate was two per cent during a part of the time covered by the assessment and three per cent during the remainder of the time.

Section 91, Constitution of 1901, exempts from all taxes the property of state, county and municipal corporations. But that section of the Constitution does not prohibit an excise tax from being levied against a city or county. City of Birmingham v. Birmingham Business College, 256 Ala. 551, 56 So.2d 111, and cases cited. However, the general rule is that when a tax levy is made in general terms with nothing to indicate that it was intended to apply to a city or a county it will be held not to so apply. Board of Education of Jefferson County v. State, 237 Ala. 434, 187 So. 414; City of Birmingham v. State, 233 Ala. 138, 170 So. 64; In re Opinions of the Justices, 235 Ala. 485, 179 So. 535. This so-called rule of exemption is court-made, based upon the theory that the city or county must levy a tax to pay the tax, which we will not ordinarily presume was intended by the legislature. State v. City of Montgomery, 228 Ala. 93, 151 So. 856; Long v. Roberts & Son, 234 Ala. 570, 176 So. 213, 217.

In Long v. Roberts & Son, supra, we held that the sales of bound books, printed and lithographed matter to the counties of the state were not taxable because:

"Under the act here in question, the consumer pays the tax to the seller; tokens are distributed for that very purpose, and as the more convenient means of meeting its payment. While strictly speaking, and from a technical standpoint, it is a tax on the seller, yet in practice and under the express language of the act, the consumer must pay the sum—he it is who is to make the tribute. To hold, therefore, that the general principle of exemption is inapplicable to governmental functions because technically the seller is

due to collect and pay the tax to the tax commission, is to sacrifice substance to form, when, as here, the county, out of its treasury, must actually pay the amount of the tax in addition to the selling price.

* * * * * *

"We conclude therefore that the general principle of exemption is applicable, and that the counties of the state are not subject to pay the tax, there being nothing in the act clearly so to indicate."

The holding in Long v. Roberts & Son, supra, to the effect that the tax in question is a consumer's tax in the sense that the ultimate payment of the tax must be made by the consumer, with the responsibility of the seller being to collect the tax from the consumer or customer and to remit such collection to the State is well established by our cases. Ross Jewelers v. State, 260 Ala. 682, 72 So.2d 402, 43 A.L.R.2d 851; Merriwether v. State, 252 Ala. 590, 42 So. 2d 465, 11 A.L.R.2d 918; King & Boozer v. State, 241 Ala. 557, 3 So.2d 572; State of Alabama v. King & Boozer, 314 U.S. 1, 62 S.Ct. 43, 86 L.Ed. 3; National Linen Service Corp. v. State Tax Commission, 237 Ala. 360, 186 So. 478; Wood Preserving Corp. v. State Tax Commission, 235 Ala. 438, 179 So. 254.

In view of the fact that the tax in question is not laid against the seller, the City in this case, we are not concerned here with the prohibition in § 91 of the Constitution of 1901 or with the court-made rule of exemption in favor of cities and counties, to which rule we have heretofore referred.

The question for decision in this case is whether the legislature has placed upon cities, agencies and instrumentalities the duty of collecting a sales tax from persons who pay admission fees to use municipally owned and operated golf courses and swimming pools.

It is to be noticed that the tax provided for in subsection (b) of § 753, Title 51, supra, is upon "every person, firm or cor-

poration engaged, or continuing within this state, in the business of conducting, or operating, * * *." In § 752, Title 51, Code 1940, as amended, we have these definitions: "(a) The term 'person' or the term 'company' herein used interchangeably, includes any individual, firm, co-partnership, association, corporation, receiver, trustee or any other group or combination acting as a unit and the plural as well as the singular number, unless the intention to give a more limited meaning is disclosed by the context. * * * (k) The word 'business' as used in this article, shall include all activities engaged in, or caused to be engaged in, with the object of gain, profit, benefit or advantage, either direct or indirect, and not excepting sub-activities producing marketable commodities used or consumed in the main business activity, each of which sub-activities shall be considered business engaged in, taxable in the class in which it falls."

We do not find in the provisions quoted above or in any other applicable statutory provision where cities are expressly named among those who are required to collect the tax levied by the provisions of § 753, Title 51, Code 1940. On the other hand, in subsection (b) of the section last referred to we find language which we think clearly demonstrates that it was not the legislative purpose for the tax to be collected by cities except in regard to athletic contests, such as wrestling matches, prize fights, boxing and wrestling exhibitions, football and baseball games. We have reference to the language included in the parenthetical clause of subsection (b) of § 753, Title 51. If it had been the legislative purpose to require municipalities to collect the tax in all respects there would have been no need for the language included in the parenthetical clause.

As against this conclusion, the State takes the position that because the legislature in 1953, Act No. 852, approved September 19, 1953, General Acts 1953, p. 1143, 1955 Cum. Pocket Part, Vol. 7, Code 1940, Tit. 51, p. 372, § 755(13), expressly provided that municipalities are not liable for the collection or payment of sales tax on the fees paid by participants in recreational or athletic activities offered by municipally operated swimming pools, golf courses, parks or other places of amusement or entertainment, we should construe the former law, that in effect during the time covered by the assessment here involved, as requiring the cities to collect such tax. It is true that there is a rule to the effect that courts may assume from a new enactment a legislative purpose to change the existing law. But in view of the fact that at the time the 1953 law was enacted the municipalities were differing with the position taken by the State concerning their duty to collect such taxes, we feel that a legislative intent to clarify rather than to change the law should properly be inferred.

In view of the foregoing, we are constrained to the conclusion that the decree of the trial court should be reversed and the cause remanded.

Reversed and remanded.

LIVINGSTON, C. J., and STAKELY and MERRILL, JJ., concur.