170 So.2d 792

**TOWN OF HACKLEBURG**

v.

**NORTHWEST ALABAMA GAS DISTRICT.**

**6 Div. 87.**

Supreme Court of Alabama.

Sept. 24, 1964.

Rehearing Denied Jan. 21, 1965.

356

Rankin Fite, Hamilton, for appellee.

Edward P. Fowler, Hamilton, for appellant.

C. R. Lewis, Dothan, for City of Dothan, amicus curiae.

Bradley, Arant, Rose & White, Jos. H. Johnson, Jr., and John P. Adams, Birmingham, amici curiae in support of application for rehearing.

HARWOOD, Justice.

This is an appeal by the Town of Hackleburg from a decree entered in a declaratory judgment action adjudging that a privilege license tax of 1½ percent of the gross receipts of business done the preceding year imposed pursuant to an ordinance enacted by the Town of Hackleburg was invalid under the laws and constitution of the State of Alabama.

The Northwest Alabama Gas District, a Corporation, was organized under the provisions of Article 9, Title 37 (Secs. 402(47), 402(66a), Code of Alabama 1940. Sec. 402 (47) provides that any *two or more* municipalities may cause to be organized and incorporated a gas district as a public corporation for the purpose of local distribution and sale of gas in any one or more of such municipalities.

Unless otherwise provided in the certificate of incorporation, the board of directors of such corporation shall consist of at least one member for each member municipality to be elected by the governing body of such member municipality. Sec. 402(52).

The board of directors constitute the governing body of the gas district. Sec. 402 (52).

The record shows that in addition to the Town of Hackleburg, the towns of Hamilton, Guin, and Sulligent, and the cities of Haleyville and Winfield are all members of the Northwest Alabama Gas District.

Because of this diversity of membership and control, the Northwest Alabama Gas District must be considered as though a separate proprietory corporation and not merely as an arm, branch or agent of any single municipal member of the gas system. In this aspect the status of the appellee differs from that of a Water Works Board, or Gas Board, organized within a single municipality under the provisions of Article 5 (Water Works Board) and Article 6 (Gas Plants and Systems), of Title 37, Code of Alabama 1940. Water boards and gas boards organized pursuant to the above Articles are, under certain conditions and factual situations, treated as the municipality itself. See State ex rel. Richardson v. Morrow, 276 Ala. 385, 162 So.2d 480.

■■■ Municipalities have no inherent power of taxation, but the State, having the power to tax may confer and delegate this power on and to a municipality. Stein v. Mayor, etc., of Mobile, 24 Ala. 591; Estes v. City of Gadsden, 266 Ala. 166, 94 So.2d 744. If the taxing power delegated is not limited, it includes all the taxing power possessed by the State. See McQuillin, Municipal Corporations, 3rd Ed., Vol. 16, Sec. 44.07.

By the provisions of Sec. 735, Title 37, Code of Alabama 1940, the legislature has empowered all municipalities to license businesses, occupations and professions, which may be carried on in the municipality, to fix the amount of licenses, the time for which they are to run not exceeding one year, etc.

Section 745, Title 37, Code of Alabama 1940, specifically authorizes municipalities to levy a privilege license tax on public utilities, such tax not to exceed three percent of the gross receipts of the business done by the utility within the municipality the preceding year.

Thus, by Sections 735 and 745, supra, the State has delegated to municipalities the

**358**

full power to levy the privilege license tax imposed by the Town of Hackleburg, if not otherwise inhibited by the Constitution, or if the Gas District be not exempted from such tax by other codal provisions.

The lower court found that the respondent (Town of Hackleburg) "has no authority under the laws and Constitution of the State of Alabama to impose such tax upon complainant."

It is argued here, and we assume was argued below, that the tax was invalid because of the tax exemption granted to gas systems under the provisions of Sec. 402 (62), Title 37, Code of Alabama 1940, and also that Section 91 of the Constitution inhibited such tax.

Sec. 402(62), in parts pertinent to this review, provides:

"All property and all income of any district incorporated under this article shall be exempt from all state, county, municipal and other taxation in the state of Alabama."

■ The exemption thus granted is on the property and income of a gas district. The tax levied by the appellant is an excise tax on the privilege of operating a gas distribution business within the Town of Hackleburg, and is not a property or income tax. Estes v. City of Gadsden, 266 Ala. 166, 94 So.2d 744. The tax is therefore not exempt under the provisions of Sec. 402 (62).

■ Section 91 of the Constitution does not inhibit the levying of this tax. This section exempts from all taxes the property of State, county, and municipal corporations. The Gas District is not the property of the Town of Hackleburg, but of the Northwest Alabama Gas District, and, as before stated, the tax is not a property tax but an excise privilege license tax, which is not within the provisions of Section 91, supra.

There being no constitutional grounds preventing the levying of the tax in question, and no statutory provisions evidencing a denial of the power of the Town of Hackleburg to impose the tax, it is our conclusion that the lower court erred in decreeing the appellee not subject to the privilege license tax duly imposed by the Town of Hackleburg. This judgment must therefore be reversed and remanded with directions to enter a judgment consonant with this opinion.

Reversed and remanded with directions.

LIVINGSTON, C. J., and SIMPSON and MERRILL, JJ., concur.

On Rehearing

HARWOOD, Justice.

In briefs in support of the application for rehearing counsel for appellee, and supporting amicus curiae counsel insist that our opinion in this case is erroneous, in that taxation of counties, municipalities, or arms, branches, or instrumentalities of the state can be imposed only in specific language, and not in general terms. City of Huntsville v. Madison County, 166 Ala. 389, 52 So. 326; State v. City of Montgomery, 228 Ala. 93, 151 So. 856; City of Birmingham v. State ex rel. Carmichael, 233 Ala. 138, 170 So. 64; Jefferson County v. State ex rel. Carmichael, 233 Ala. 148, 170 So. 70; Opinion of the Justices, 235 Ala. 485, 179 So. 535; Jefferson County v. City of Birmingham, 235 Ala. 199, 178 So. 226; State Tax Commission v. County Board of Education of Jefferson County, 235 Ala. 388, 179 So. 197; County Board of Education of Jefferson County v. State ex rel. Carmichael, 237 Ala. 434, 187 So. 414; City of Birmingham v. Birmingham Business College, 256 Ala. 551, 56 So.2d 111; City of Anniston v. State, 265 Ala. 303, 91 So.2d 211.

Counsel for amicus curiae in their brief state:

"Thus we have no doubt that if the legislature clearly and explicitly so authorizes, municipalities may impose license taxes on public agencies."

Counsel for appellee have laid much stress upon the language contained in the opening sentence of Section 402(64) of Title 37, Code of Alabama 1940. The caption and the language of this section is identical with that of the original Act (Act No. 762, p. 1319, Acts of Alabama 1951). This code section and the original Act reads:

> *"Freedom of district from public service commission and other state supervision and control.*—This article is intended to aid the state in the execution of its duties by providing appropriate and independent instrumentalities of the state with full and adequate powers to fulfill their functions. Except as in this article expressly otherwise provided, no proceeding, notice or approval shall be required for the incorporation of any gas district or the amendment of its articles of incorporation, the acquisition of any property or system or systems or the making of any loans or the issuance of any bonds or instruments in evidence thereof or as security therefor, any other law to the contrary notwithstanding. Every district incorporated under this article and every gas system of such district and the rates and charges thereof shall be exempt from all jurisdiction of, and all regulation and supervision by, the public service commission."

The first sentence is in the nature of a preamble to the code section which purports only to free gas districts organized under Article 9 of Title 37 (Secs. 402(47) through Sec. 402(66a) from supervision by the Public Service Commission.

This first sentence, supra, is self contradictory. There are no "duties" upon the state to supply its citizens with gas. The phrase "by providing appropriate and independent instrumentalities of the state with full and adequate powers to fulfill their functions" is paradoxical, in that an "independent instrumentality of the state" is a free unit within itself, and if independent, is not an agency of the state.

■ A reading of the entire Article 9, supra, demonstrates conclusively, despite the opening sentence of Sec. 402(64), supra, that the legislature has set up a plan by which it authorizes municipalities to incorporate gas districts. When such districts are incorporated, the powers of the district are spelled out. The board of directors consists of at least one member representing each municipality, to be elected by the governing body of each municipality. This board of directors is vested with full powers to do all things necessary and convenient to the operation of the gas district. Thus a gas district organized pursuant to Article 9, supra, is a public corporation organized pursuant to authority granted by the legislature.

■ The net profits from the operation of such gas district, unless otherwise provided in the certificate of incorporation, are to be divided among the member municipalities in proportion to the amount of gas sold within such municipality. The state receives none of the profits.

Under the above provisions, we seriously doubt that a gas district could properly be classified as a state agency, though ·it is a public agency organized pursuant to applicable statutory provisions.

■■ Where a municipality engages in the business of furnishing electricity, lights, water, or gas to the public, it is not then discharging or exercising governmental functions or powers, but is exercising proprietary or business powers, and as to such business it is governed by the same rules of law which are applicable to ordinary business corporations. City of Decatur v. Parham, 268 Ala. 585, 109 So.2d 692. No different standard can rationally be applied to a gas district organized by a number of municipalities.

■ The state may tax cities as other persons, provided the intention to tax is clear, and no constitutional inhibition exists. This power of the state to tax has been delegated to the Town of Hackleburg

as pointed out in our opinion. The Town of Hackleburg has by clear language imposed the privilege license tax in question.

Opinion extended and application for rehearing overruled.

LIVINGSTON, C. J., and SIMPSON and MERRILL, JJ., concur.