189 So.2d 350

**SOUTHEAST ALABAMA GAS DISTRICT**

v.

**CITY OF DOTHAN.**

**4 Div. 216.**

Supreme Court of Alabama.

Aug. 4, 1966.

W. G. Hardwick, Dothan, Griffin Sikes, Andalusia, Bradley, Arant, Rose & White, Jos. H. Johnson, Jr., and John P. Adams, Birmingham, for appellant.

C. R. Lewis, Dothan, for appellee.

GOODWYN, Justice.

Appeal by The Southeast Alabama Gas District from a decree holding it liable for a privilege license tax imposed by the City of Dothan. The Gas District recognizes that the question of its liability was determined adversely to it in Town of Hackleburg v. Northwest Alabama Gas District, 277 Ala. 355, 170 So.2d 792, but insists that that case should be reconsidered and overruled. We have reconsidered the *Hackleburg* case and have concluded it should not be disturbed.

Presented on this appeal, but not dealt with in *Hackleburg*, is whether it was error to deny the City's claim to the penalty prescribed by the license ordinance for not paying the license when due. This question is presented by the City's cross-assignments of error.

No question is raised concerning the right of the City to prescribe the penalty. Code 1940, Tit. 37, § 735, which gives municipalities general power to license any business, trade, profession, etc., specifically authorizes municipalities to "provide a penalty for doing business without a license."

The penalty provision (Section 16–19, Code of Ordinances of City of Dothan, adopted Sept. 28, 1956), to the extent here pertinent, is as follows:

"A penalty of ten percent of the amount of license shall be charged on all licenses not paid within thirty days from the date same becomes due, and a penalty of fifteen percent of the amount of license charged on all licenses not paid within sixty days from the date same becomes due, and a penalty of twenty-five per cent of the amount of license shall be charged on all licenses not paid within ninety days after the date of the same becomes due, except upon proof being furnished that any business or occupation has not been commenced or engaged in prior to date of application thereof. * * *."

The basis for denial of the penalty is the following finding of the trial court, viz:

"It is further the opinion of the Court that due to the existence of a justiciable controversy and a reasonably well-founded contention by said Southeast Alabama Gas District, a corporation, that no privilege license was due to the City of Dothan, the defendant and Cross-Plaintiff, the Southeast Alabama Gas District, a corporation, should not be required to pay the penalty of 25% of the privilege licenses due, or any interest on said penalties, the Court being of the opinion that the refusal of said defendant to pay the said license tax was based upon a reasonable belief that it was not liable therefor; now, therefore, it is the finding and judgment of the Court that the said defendant be exempt from the payment of the penalties provided for in said ordinance, in so far as the same applies to the period of time covered by this judgment and decree."

As we view it, the penalty imposed by the ordinance is a fixed sum which is required to be added to the amount of a license which is delinquent. We see no basis for holding that the circumstances, as found by the court, permit the non-inclusion of the penalty. In other words, if it be found that a license is valid and past due, such finding, it would seem, necessarily carries with it the imposition of the penalty prescribed by the same ordinance. Neither the statute nor the ordinance providing for the penalty leaves any room for holding that the circumstances leading up to a decision of the question of liability for the license should have any bearing on the question of liability for the penalty. Of course, the legislature, had it seen fit to do so, could have provided for non-imposition of a penalty when the applicability or validity of a licensing ordinance is questioned in court.

The legislature has provided a way for avoiding payment of a penalty if a licensee considers a licensing ordinance to be invalid or inapplicable. This is done by paying the disputed license tax and then bringing suit for its recovery. See: Code 1940, Tit. 51, §§ 332–334; City of Prichard v. Hawkins, 255 Ala. 676, 680, 53 So.2d 378; Hawkins v. City of Prichard, 249 Ala. 234, 236, 30 So.2d 659; L. W. Richardson & Co. v. Town of Hamilton, 248 Ala. 585, 587, 28 So.2d 924; City of Prichard v. Richardson, 245 Ala. 365, 367, 17 So.2d 451.

Although the City's cross-assignments of error challenge the court's refusal to include interest on the penalty, the City, in its brief, "makes no insistence on it." Accordingly, we forego a discussion of the question.

The decree is due to be affirmed except insofar as it denies to the City the right to a penalty on the license tax due it. The case will be remanded to the trial court for modifying the decree so as to provide for payment to the City of the penalty.

Affirmed in part, reversed in part, and remanded with directions.

LIVINGSTON, C. J., and LAWSON and COLEMAN, JJ., concur.