AUTHORITY OF MUNICIPALITY OVER STATE OWNED PROPERTY — TAX (1) A Municipality has the legal authority to annex state owned property in accordance with the provisions of 11 O.S. 481 [11-481] (1969). (2) A Municipality may not enforce any ordinances of the Municipality upon any part of state owned property in the absence of Statutory authority on the part of the State of Oklahoma. (3) State agencies may not agree to an annexation of its property by a Municipality. (4) State agency may not agree to the imposition of a city ordinance on the state's properties. (5) A Municipality may impose a city sales tax on state owned retail outlets operated on state property by virtue of the authority granted under 68 O.S. 2701 [68-2701] (1969), provided the state property is located within the corporate limits of the Municipality. (6) A Municipality may impose a city sales tax on retail outlets, privately owned and operated on properties leased from the state, provided, the state owned property is located within the corporate limits of the Municipality. (W. Howard O'Bryan, Jr.) The Attorney General has considered your request for an opinion wherein you ask the following questions: 1. Does a Municipality have the legal authority to annex state-owned properties? 2. May a Municipality impose an ordinance on state-owned property? 3. May a state agency agree to an annexation of its properties by a Municipality? 4. May a state agency agree to the imposition of a city ordinance on the state's properties? 5. May a Municipality impose a city sales tax on state owned retail outlets, operating on state property? 6. May a Municipality impose a city sales tax on retail outlets, privately owned and operating on properties leased from the state?" A city's authority to annex property is contained in 11 O.S. 481 [11-481] (1969), which provides in part as follows: "The city council, in its discretion, may add to the city such other territory adjacent to the city limits as it may deem proper, and shall have power to increase or diminish the city limits in such manner as in its judgment and discretion may redound to the benefit of the city. Provided, that in no case shall any additional territory, except when subdivided into tracts or parcels of less than five acres with more than one residence thereon, be added to the city limits without the consent in writing of the owners of a majority of the whole number of acres owned by residents of the territory to be added, except that when three sides of such additional territory is adjacent to, or abutting on, property already within the city limits, such territory may be added to the city limits without the consent hereinbefore mentioned. Provided, further, that where the territory sought to be added is separated from the city limits by an intervening strip less than four rods in width upon the land so detached by such strip it shall be considered as adjacent or abutting within the meaning of this section; . . ." 62 C.J.S. Municipal Corporation, 42b (1), states in part as follows: "State property may be included in territory annexed to a Municipality. . . ." In Day v. Salem, 65 Ore. 114,131 P. 1028, the Court said in the second paragraph of the syllabus as follows: "A Municipal Corporation, being to an extent an arm of the state, may include within its territorial limits state property, such as a State Institution For the Insane, so long as the Municipal Ordinances do not encroach upon the sovereign power of the state; the laws allowing the extension of the limits of the Municipality being general ones." See also Tober v. City of Charleston, 237 S.C. 475, 117 S.E.2d 872; and State ex rel Pan Am. Production Co. v. Texas City, Civ. App. 295 S.W.2d 697. We have heretofore held in Attorney General's Opinion No. 66-238 that State property may be lawfully annexed to a city. We re-affirm that opinion. It is therefore the opinion of the Attorney General that your first question be answered in the affirmative. A Municipality has the legal authority to annex state owned property in accordance with the provisions of 11 O.S. 481 [11-481] (1969). In regard to your second question, 62 C.J.S., Municipal Corporations, 157, page 319, states in part as follows: "Property of the State is exempt from Municipal Regulations in the absence of waiver on the part of the state of its right to regulate its own property; and such waiver will not be presumed. The Municipality cannot regulate or control any property which the state has authorized another body or power to control. . . ." In Board of Regents of Universities, etc., v. City of Tempe, Ariz.,356 P.2d 399,406, the court stated: ". . . . The powers, duties and responsibilities assigned and delegated to a state agency performing a governmental function must be exercised free of control or supervision by a Municipality within whose corporate limits the state agency must act. . . ." In an opinion of the Attorney General of Oklahoma, dated August 10, 1932, addressed to the State Superintendent of Public Instruction, the Attorney General expressed the view that "property of the state located within the boundaries of a Municipality is not subject to police regulations by said Municipality", and in an opinion dated October 13, 1948, addressed to the Chairman of the Board of Regents for Oklahoma AM Colleges, and an opinion dated October 16, 1961, to the Hon. G. L. Cross, the Attorney General expressed a similar view. We also refer you to an Attorney General's opinion dated August 10, 1932, addressed to the Hon. John Vaughan, and Attorney General's opinion dated October 13, 1948, addressed to the Hon. R. T. Stuart, and Attorney General's Opinion No. 66-238, all of which expressed the view that a Municipality may not enforce its ordinances upon state owned property in the absence of statutory authority on the part of the state. We re-affirm all of these decisions and accordingly it is therefore the opinion of the Attorney General in answer to your second question that a Municipality may not enforce its ordinances upon state owned property in the absence of statutory authority on the part of the State of Oklahoma. With regard to your third question, it is clear that public officers and agencies have only such authority as is conferred upon them by law and such authority must be exercised as in the manner prescribed by law. Brown v. State Election Board, Okl., 369 P.2d 140. Your attention is also directed to Attorney General's Opinion 66-109, as well as all of the Attorney General's opinions heretofore cited wherein a similar question was considered. This office is not familiar with any Constitutional or Statutory provision empowering a state agency to agree to an annexation of state property by a Municipality. It is therefore the opinion of the Attorney General in answer to your third question that a state agency may not agree to the annexation of its property by a Municipality. With regard to your fourth question, your attention is directed to Attorney General's opinion dated October 16, 1961, to the Hon. G. L. Cross, supra, wherein we considered a similar question. Also, in Board of County Commissioners of Canadian County v. State Highway Commission, 176 Okl. 207,55 P.2d 106, it was held: "It is an elementary rule of law that governmental duties or power cannot be contracted away. . . ." The rule stated in Brown v. State Election Board, supra, applied. We find no authority granted to state agencies to agree to the imposition of a city ordinance on state property. It is therefore the opinion of the Attorney General in answer to your fourth question that a state agency may not agree to the imposition of a city ordinance on state property. Referring to your fifth question, your attention is directed to former opinions of this office numbered 66-109, 66-238 and 66-299 wherein we concluded as follows: "Property without the corporate limits of a Municipality is not subject to taxes imposed by a Municipality." Therefore, before any taxes may be collected on state owned property, it must be determined whether the said property is located within the corporate limits of the Municipality. In Town of Hackleburg v. Northwest Alabama Gas District, Ala. 170 So.2d 792, the Supreme Court stated: "Municipalities have no inherent power of taxation, but the state having the power to tax, may confer and delegate this power on to a Municipality. If the taxing power delegated is not limited, it includes the taxing power possessed by the state." Oklahoma embodies this doctrine in the provisions of 68 O.S. 2701 [68-2701] (1969), which provides in pertinent part as follows: "Any incorporated city or town in this state is hereby authorized to assess, levy, and collect taxes for general and special purposes of Municipal government as the Legislature may levy and collect for purposes of State Government except ad valorem taxes." Limits on the state's ability to collect sales tax have been imposed by 68 O.S. 1305 [68-1305] (1969). These limits would likewise apply to cities collecting a sales tax. Therefore, the exemptions provided by Section 1305, supra, would apply to city sales tax. However, none of these exemptions would prohibit a Municipality from collecting a duly authorized Municipal Sales Tax on state owned retail outlets operated on state property. Since the incidence of a sales tax falls on the consumer and not the state requiring the state to collect, such a tax does not offend the doctrine of implied immunity. Such a result is in accordance with our opinions number 66-238 and 66-299. In answer to question five, it is the opinion of the Attorney General that a Municipality may impose a city sales tax on state owned retail outlets operated on state property by virtue of the authority granted under 68 O.S. 2701 [68-2701] (1969), provided the state property is located within the corporate limits of the Municipality. In answer to your sixth question, for the above stated reasons, it is the opinion of the Attorney General that a Municipality may impose a city sales tax on retail outlets, privately owned and operated on properties leased from the state, provided, the state owned property is located within the corporate limits of the Municipality. (W. Howard O'Bryan Jr.)