90 So.2d 228

**STATE of Alabama**

v.

**J. O. GAINES, d/b/a Etowah Oil Company.**

**7 Div. 308.**

Supreme Court of Alabama.

Sept. 6, 1956.

Rehearing Denied Nov. 15, 1956.

John Patterson, Atty. Gen., and Willard W. Livingston and Wm. H. Burton, Asst. Attys. Gen., for appellant.

Hawkins & Rhea and Geo. A. Murphy, Gadsden, for appellee.

GOODWYN, Justice.

On April 12, 1955, the State of Alabama made final two assessments of gasoline tax against J. O. Gaines, d/b/a Etowah Oil Company, appellee. The first of these assessments covered an alleged tax deficiency due for the period September 1, 1952, through August 31, 1953, for $164.82, and the second assessment covered the period from September 1, 1953, through August 31, 1954, in the amount of $151.66.

On May 5, 1955, Gaines took an appeal from both assessments to the circuit court of Etowah County, in equity, under the statutory authority of Code 1940, Tit. 51, § 140. The court below, after taking testimony ore tenus, entered a final decree setting aside the final assessments. The appeal here is brought by the state from that decree.

During the period here involved Gaines was a "distributor", licensed and bonded in accordance with Code 1940, Tit. 51, § 667 and § 670, who purchased bulk quantities of gasoline from the Arkansas Fuel Corporation at its terminal near Birmingham and transported the gasoline in his own tank trucks to his leased tanks in Gadsden. On some occasions delivery would be made from these tank trucks to service stations along the route from Birmingham to Gadsden, but, generally the gasoline was transferred to one of three bulk tanks from whence it was withdrawn for delivery to retail dealers.

The alleged deficiencies resulted from "inventory losses" rather than "actual losses", that is, the loss was not traceable directly to fire, rupture of tanks, etc., but was an "unexplained loss", that is, not the result of any particular incident which could be pointed out with certainty as to cause.

The state's audit indicated that, during the first period, the state tax of six cents a gallon had not been paid on some 8,309 gallons of gasoline received by Gaines but not accounted for, and that during the second period the tax had not been paid on some 7,200 gallons received but not accounted for. It appears to be the policy of the state department of revenue to allow one-half of one per cent of the total gallons handled as a maximum for "inventory loss". Hence after deducting this maximum allowance, the assessments, above noted, were made.

As we understand the case, the ultimate and decisive question presented is whether an Alabama distributor of gasoline is required to pay the state gasoline tax on gasoline received and stored by him but not withdrawn from storage. In other words, is a distributor chargeable with the tax on gasoline stored by him but not withdrawn for sale or use because lost through evaporation, shrinkage, leakage, or other cause? The answer to the question rests on ascertainment of the legislative intendment in enacting §§ 646 to 649, 651, 660, 666, 667 and 670, Tit. 51, Code 1940, as amended. These sections have a history of amendments which show, we think, a clear legislative intent that the amount of the tax is to be computed on the basis of withdrawals from storage rather than on the amount stored, the tax being placed on the consumer, with the distributor acting as the agent of the state for the collection and payment of the tax to the state.

The several statutory provisions, as they existed during the periods with which we are concerned, provided, to the extent here pertinent, as follows:

"§ 646. Definitions.— * * * The term 'distributor' shall include any person who engages in the selling of gasoline in this state by wholesale domestic trade, but shall not apply to any transaction of such distributor in interstate commerce. The word 'refiner' shall include any person who manufactures, distills, blends, compounds or mixes any one or more products in the production of a liquid

motor fuel as herein defined. The term 'retail dealer' shall include any person herein defined as distributor who is also engaged in the selling of gasoline in this state at any place in this state in broken quantities. The term 'storer' as herein used shall include any person who ships or causes to be shipped or receives, · gasoline into this state in any quantities, and stores the same in any manner and withdraws or uses the same for any purpose. * * * The term 'user' as herein used shall include any person who uses or consumes gasoline in this state in any manner or for any purpose. Provided, however, the term 'user' is not to include any refiner who has a refinery or refineries located within the state of Alabama, and when using gasoline in the manufacturing or refining process, or any person who holds a federal permit to blend motor fuels under the federal law and statutes, and who pays the federal excise tax on such motor fuels directly to the federal government, when such person uses gasoline in this state in such blending process." § 646 was amended in 1953 by Act No. 772, appvd. Sept. 18, 1953, Acts 1953, p. 1036, but not so as to affect the quoted portion.

"§ 647. Exise tax levied; use of the net proceeds thereof and method of allocation and distribution; distributor, dealer, etc., to add tax to price. —(a) Every distributor, refiner, retail dealer, storer, or user of gasoline shall collect and pay over to the state department of revenue an excise tax of six [now seven] cents per gallon upon the selling, use or consumption, distributing, storing, or withdrawal from storage in this state for any use, gasoline as defined or otherwise referred to in Article 5 of Title 51, Code of Alabama 1940, and as amended; provided, that where the excise tax of six cents per gallon upon the *sale, use or consumption, distribution, storage, withdrawal from storage* in this State of such gasoline shall have been paid to the state by a distributor, refiner, or by any retail dealer, storer, or user, such payments shall be sufficient, the intent being that the tax shall be paid to the State but once. (b) The State Department of Revenue is hereby authorized to issue to the United States certificates of exemption, upon forms prescribed by the Department for use by the United States in purchasing gasoline within the State of Alabama and which is paid for by the United States. Any person in reporting and paying the tax to the Department may deduct the number of gallons of gasoline sold to the United States, as shown by such certificate of exemption duly executed by the United States and filed with such report; and the Department is authorized to adopt rules and regulations with respect to the issuance and use of such certificates. * * * (d) Every distributor, refiner, retail dealer, or storer of gasoline shall *add the amount of the excise tax levied and assessed herein to the price of the gasoline, it being the purpose and intent of this provision that the tax levied is in fact a levy on the consumer or user* with the distributor, refiner, retail dealer, or storer, or in the case of a licensed user, acting merely as an agent of the State for the collection and payment of the tax to the State." [Emphasis supplied.]

[Subsection (d) was added by amendment in 1949, Act No. 72, appvd. June 14, 1949, Acts 1949, p. 98, and Act. No. 649, appvd. Sept. 19, 1949, Acts 1949, p. 998. § 647 was further amended in 1953, Act No. 772, appvd. Sept. 18, 1953, Acts 1953, p. 1036, but not so as to affect the quoted portion of said section, and further amended in 1955, Act No. 44, appvd. Feb. 24, 1955, Acts 1955, 1st Ex.Sess.,

Vol. I, p. 73, increasing the tax from six to seven cents per gallon but not otherwise affecting the quoted portion.]

Section 648, as amended by Act No. 649, appvd. Sept. 19, 1949, Acts 1949, p. 998, to the extent here pertinent, provided as follows:

"§ 648. To whom excise tax applicable.—(a) The excise tax imposed by section 647 of this title shall be collected by persons as defined in this article, storing gasoline and distributing the same or allowing the same to be withdrawn from storage whether such withdrawals be for sale or other use; provided that 'sellers' of gasoline and its substitute collecting the tax herein provided may pay the same computed and paid on the basis of their sales as hereinafter required and refiners, storers, and distributors shall compute and pay over to the department of revenue this tax on the basis of their withdrawals or distributions. Provided that receipts by any licensed distributors or storers from another licensed distributor or storer shall be treated on the same basis as gasoline received by such licensed distributors or storers in interstate commerce insofar as inventories are concerned. * * *"

In 1953, Section 648 was further amended by Act No. 772, appvd. September 18, 1953, Acts 1953, p. 1036, to read as follows:

"§ 648. By whom excise tax collected and paid over.—(a) The excise tax imposed by Section 647 of this Title, as amended, shall be collected by persons as defined in this Article storing gasoline or distributing the same or allowing the same to be withdrawn from storage, whether such withdrawals be for sale or for other use; or whether same be used or consumed in this State in any manner or for any purpose, whether such gasoline be withdrawn from storage in this

State or not; provided, that 'sellers' of gasoline and its substitutes, paying the tax herein, shall pay the same computed on the basis of their sales and use as herein required, and refiners, storers and *distributors shall compute and pay over to the Department of Revenue this tax on the basis of their withdrawals or distributions, or, in the case of a user or consumer, on the basis of the amount of the gasoline used or consumed in this State.*" [Emphasis supplied.]

Section 649, as amended in 1949, Act No. 649, appvd. Sept. 19, 1949, Acts 1949, p. 998, reads as follows:

"§ 649. Report of sales and withdrawals.—On or before the 20th day of each month, every distributor, refiner, retail dealer, or storer of gasoline, shall render to the department of revenue, on forms prescribed by the department, a true and correct statement of *all sales and withdrawals* of gasoline, as defined in this article, namely: (a) All gasoline sold or delivered to an airport for use as aircraft fuel during the preceding month, and (b) All other gasoline sold or delivered for any other use during the same period of time, and shall furnish said department such other reasonable information as it may demand and require, upon blanks to be formulated and furnished by the department, and at the time of making such report shall pay over to such department an amount of money equal to the excise tax levied under the provisions of this article." [Emphasis supplied.]

Section 651, as amended in 1951, Act No. 849, appvd. September 12, 1951, Acts 1951, Vol. II, p. 1479, is as follows:

"§ 651. Record of sales, withdrawals and distributions.—All distributors, refiners, storers, or retail dealers shall keep, for not less than three years [before amendment, the period was two years], within the state

of Alabama at some certain place or office, such books, documents, or other papers as will clearly show the *amount of sales, distributions or withdrawals* of gasoline made in this state covered by this article." [Emphasis supplied.]

Section 660, as amended in 1949, Act No. 649, appvd. Sept. 19, 1949, Acts 1949, p. 998, provides as follows:

"§ 660. Failure to make monthly returns.—If any distributor, refiner, storer, or retail dealer, in gasoline covered by this article shall fail to make the monthly returns prescribed herein and pay over to the department of revenue the excise tax hereby levied, on or before the 20th day of the month following *sale, distribution or withdrawal,* the department of revenue shall make return for such delinquent upon such information as it may reasonably obtain, assess the excise tax thereon, and add a penalty for failure to make such return and pay over to the department of revenue the tax herein levied of twenty-five percent of the tax due, to the amount as assessed by the commission. If, in the opinion of the department of revenue a good and sufficient cause or reason is shown for such delinquency, the department of revenue may remit the penalty, otherwise the penalty shall be paid." [Emphasis supplied.]

Also of interest in considering the question before us are §§ 666, 667, and 670, Tit. 51, as amended by Act No. 608, appvd. July 5, 1940, Gen.Acts 1939, p. 974, providing for the licensing and bonding of distributors.

Section 666, to the extent pertinent here, is as follows:

"§ 666. Definitions.—The following words, terms, and phrases, as used in this article, are for the purposes thereof hereby defined as follows: * * * 'Distributor' shall mean and include all persons, co-partnerships, firms, cor-

porations, or associations liable to the State of Alabama for any excise tax on the *sale, distribution, or withdrawal* from storage of gasoline as herein defined, except that it shall not include counties and other municipal corporations." [Emphasis supplied.]

Section 667 provides, in pertinent part, as follows:

"Every distributor, before engaging in the business of *selling, distributing, or withdrawing* from storage gasoline in this state, shall first make application to the department of revenue, upon forms prepared by the department of revenue, for a permit to engage in said business. The application shall be executed under oath before a person authorized to take acknowledgments in this state, and shall set forth: * * * (e) The amount of gasoline estimated by distributor which will be *sold, distributed or withdrawn* from storage monthly." [Emphasis supplied.]

Section 670, as amended, in pertinent part, is as follows:

"§ 670. Bond required of distributors.— * * * The bond shall * * be conditioned upon the prompt filing of true reports, and the payment by the applicant to the department of revenue of any and all excise taxes accrued or accruing on the *sale, distribution or withdrawal from storage* of gasoline which may now or may hereafter be levied or imposed by the State of Alabama, * * *." [Emphasis supplied.]

The revenue department's position is thus stated in its brief:

" * * * [F]or the purpose of the tax, as the wholesaler or distributor is the first person who handles the gasoline in this State, he is under the expressed wording of Section 647, as amended, supra, responsible for properly accounting for the gasoline to the State, and is also required to both

report and pay the tax to the State on a monthly basis.

"Therefore, the wholesaler or the distributor, as in this case, being the first person to handle the gasoline in this State, becomes responsible for both reporting and paying the tax when he sells, uses or consumes, distributes, stores, or withdraws from storage in this State any gasoline as is defined under the gasoline tax laws. The tax then becomes due upon the happening of any of these taxable events, and upon the happening of the first such events in this State. In other words, each of these taxable events is separate and distinct, and when one of them happens, then the tax becomes due.

"The Alabama gasoline tax then, where the gasoline is first handled in this State by the wholesaler or distributor, and is stored by the wholesaler or distributor before such gasoline is sold or otherwise disposed of by the wholesaler, is clearly a tax on the storage of gasoline, or the privilege of storing such gasoline in this State, by the wholesaler or distributor, and the measure of the tax in such instances is on the amount of gasoline which is withdrawn from storage in this State by said distributor for sale or for any other use.

"Thus, where the gasoline is stored in this State by the wholesaler or distributor prior to his selling or otherwise disposing of the gasoline, the Alabama gasoline tax is not a sales tax, but is clearly a tax on the privilege on such wholesaler storing the gasoline in this State. The law very clearly states this. Title 51, Sections 647 and 648, as amended, supra.

"This Honorable Court has also very emphatically stated that this is true. State v. City of Montgomery, 228 Ala. 93, 151 So. 856; City of Birmingham v. State ex rel. Carmichael, 233 Ala. 138, 170 So. 64."

We are dealing here with the *amount* of tax due, the measure of which, as recognized by the state, "is on the amount of gasoline which is withdrawn from storage." There is no question about appellee being subject to the state gasoline tax laws. Our concern here is with the method of arriving at the amount due. In the Montgomery and Birmingham cases the question decided was simply whether Section 91, Constitution, prohibited the legislature from making a municipality subject to the gasoline tax as then provided for. The measure of the tax was not involved. Even so, the opinions in those cases, which were rendered before the 1949 amendment of Section 647 placing the tax on the consumer, contain statements clearly indicating that the amount of the tax should be measured by the gallons withdrawn from storage and not on the amount stored.

It appears that the revenue department, in assessing the tax against appellee, has applied the department's "rule of thumb" that appellee owes the gasoline tax on the number of gallons received and stored during the assessment period, plus the amount on inventory at the beginning of the period, less the inventory at the end of the period, and less the allowance of $\frac{1}{2}$ of 1% for evaporation or shrinkage. We find nothing in the Alabama laws authorizing assessment of the tax by application of this formula. Clearly, we think, the assessment against a distributor must be based on the amount of gasoline withdrawn from storage rather than on the amount stored. The obvious legislative purpose was to impose the tax on the user and not on the distributor, with the distributor acting as the agent of the state in collecting the tax. This is not an uncommon method of collecting motor fuel taxes. An examination of the statutory provisions, supra, will show that the tax is measured by sales, distributions, withdrawals or uses, not by amounts stored, and that records are required of "sales, distributions or withdrawals", not of receipts and inventories. It would seem necessarily to follow that any gasoline lost through evaporation,

shrinkage or leakage before withdrawal, distribution, sale or use by a licensed distributor is not taxable.

Since appellee filed his return each month as required by § 660, Tit. 51, as amended, supra, there is no occasion to discuss what influence that section would have had if he had failed to make monthly returns. And we pretermit discussion as to whether an assessment against a distributor who fails to make monthly returns as required by § 660, as amended, can be based on receipts, less an allowance for handling losses, so as to place the burden on the distributor of establishing his non-liability for the tax based on gasoline received by him, that is, whether such procedure would be permitted under the provision authorizing the department of revenue to "make return for such delinquent upon such information as it may reasonably obtain" and "assess the excise tax thereon".

We find no error in the trial court's decree.

Affirmed.

SIMPSON, MERRILL and SPANN, JJ., concur.