92 So.2d 433

**H. F. BURCHFIELD, Sr., et al.**

v.

**W. L. HORNE, as Commissioner of Revenue.**

**3 Div. 2.**

Court of Appeals of Alabama.

Jan. 29, 1957.

De Graffenried, de Graffenried & de Graffenried, Tuscaloosa, for appellants.

John Patterson, Atty. Gen., Willard W. Livingston and Wm. H. Burton, Asst. Attys. Gen., for appellee.

PRICE, Judge.

This is an appeal from a judgment or an order of the Circuit Court of Montgomery County denying a writ of mandamus to compel the Commissioner of Revenue of the State of Alabama to refund to petitioner the sum of $760.98 paid under protest as deficiency gasoline tax, under the provisions of Title 51, Section 647, Code 1940.

During the tax period involved in this proceeding the Elks Oil Company operated as a duly licensed and bonded wholesale distributor of gasoline, purchasing bulk quantities of gasoline from the Shell Oil Company at the Plantation Pipe Line facilities at Powderly, near Birmingham, and transporting the gasoline in its own trucks to its bulk tanks at Tuscaloosa, Alabama, from which it was withdrawn for delivery to retail dealers in Tuscaloosa County.

The brief for the Department of Revenue contains this statement:

"The amounts of deficiency tax for which the State made a demand upon the

appellants to pay, and which appellants paid under protest for the fiscal year beginning September 1, 1952 and ending August 31, 1953 was $596.16, which represented the gasoline tax of six cents (6¢) per gallon on 9,336 gallons of gasoline which was allegedly not reported or accounted for during said period by the appellants, and also the amount of $163.98 on, to-wit, 2,793 gallons of gasoline allegedly not reported or accounted for during the fiscal year beginning September 1, 1953 and ending August 31, 1954. This represented purely deficiency tax as the appellants had paid the tax on a quantity of gasoline which it also stored and withdrew from storage in Alabama during the period of time and which it did report and account for."

It was shown by the testimony that the alleged losses involved in this case are "inventory" or record losses, and not "actual" losses, as those terms are explained in the recent case of State v. Gaines, Ala., 90 So.2d 228, 233, and that the State applied the same "rule of thumb" formula in assessing the amount of tax, as was applied there, i. e. appellant was assessed and paid tax "on the number of gallons received and stored during the assessment period, plus the amount on inventory at the beginning of the period, less the inventory at the end of the period, and less the allowance of ½ of 1% for evaporation or shrinkage." State v. Gaines, supra.

The questions presented on this appeal have been determined by the Supreme Court in the Gaines case, supra, and the ruling of the court below is not in harmony with the Gaines case. It therefore results that the judgment appealed from must be reversed. The writ prayed for is awarded, Title 7, Section 1075, Code, and the Commissioner of Revenue is hereby ordered to refund to the petitioner the taxes erroneously paid. Judgment reversed.

Writ awarded.